DOUGLAS AND PEARLINE WILKERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilkerson v. Commissioner
Docket No. 3158-89
United States Tax Court
T.C. Memo 1990-210; 1990 Tax Ct. Memo LEXIS 229; 59 T.C.M. (CCH) 476; T.C.M. (RIA) 90210; April 25, 1990, Filed *229 Decision will be entered under Rule 155. Douglas and Pearline Wilkerson, pro se. Alan Friday, for the respondent. COUVILLION
*685 MEMORANDUM FINDINGS OF FACT AND OPINION This case *230 was heard pursuant to section 7443A(b) [1] and Rule 180 et seq. [1]
Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax for the years indicated: Additions to Tax
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a)
1984
$ 4,879.00
$ 243.95
*
--
1985
$ 5,462.00
$ 273.10 ** $ 1,366.00
1986
$ 1,347.00
--
--
--
Several adjustments were made in the notice of deficiency. Petitioners *231 conceded all adjustments except (1) their claim to deductions for business expenses in excess of amounts allowed by respondent, and (2) the additions to tax. The parties stipulated to some of the facts, which are incorporated herein by reference. At the time the petition was filed, petitioners were residents of Monroeville, Alabama. During the years in question, Douglas Wilkerson (petitioner) was employed full time as a mechanic for Vanity Fair Mills, Inc., at Monroeville, Alabama. In addition, petitioner operated a sole proprietorship at home known as "Wilkerson Welding and Repair." On their 1984 and 1985 returns, petitioners reported their income and expenses from the welding and repair business on Schedule C of their returns. For 1986, however, petitioners did not file a Schedule C for this activity because petitioner realized a loss and was not aware that the loss could be reported to offset other income. In the audit of petitioners' returns for 1984, 1985, and 1986, respondent made several adjustments to the Schedule C items of income and expense reported on the 1984 and 1985 returns. In addition, respondent determined gross income, expenses, and a net profit for the *232 welding and repair activity for 1986, as to which petitioners had not filed a Schedule C. Petitioners agreed to respondent's adjustments to all items of income and expense related to the welding and repair business except the following: Claimed
Allowed by
Amount
Year
Expense
on Return
Respondent
Disallowed
1984
Commissions
$ 18,154.72
$ 5,417.00
$ 12,737.72
1985
Job Expenses
$  9,822.50
$ 5,223.00
$  4,599.50
1986
Commissions/Labor -0-
$ 9,100.00
$    600.00 *
*686 The question is solely one of substantiation. Petitioner contends that the amounts disallowed represented cash payments which were necessary while he was out on certain jobs, such as gasoline for his trucks, welding rods, steel, or other *233 materials. He also cited another example of once having hired a pedestrian from the street to help unload a refrigerator, for which he paid $ 20 cash to the person, whom he did not know and had never seen since. In such situations, petitioner believed it was impractical to obtain receipts for such expenses. Petitioner testified that he always noted such expenses, when incurred, and entered these amounts in the books and records he maintained for his welding and repair activity. He argued that the nature of his activity was such that it constantly required payment, on the spot, of such expenses in cash and, because respondent did not challenge the adequacy of his books and records, the amounts shown on his records should be accepted for income tax purposes. Petitioner did not produce any receipts or other documentary information to substantiate the amounts at issue. Respondent pointed out that, as to all expenses allowed, shown above, the allowance was based upon receipts petitioner procured from vendors and suppliers during the course of the audit, which satisfied respondent's agent as adequate proof of the expenditure. The other amounts were disallowed because petitioner could *234 not produce receipts or provide other evidence that such expenses had been incurred and in fact paid. The determinations reflected by respondent in a notice of deficiency are presumed correct, and the burden is on petitioner to establish that the determinations are incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Section 6001 provides, in pertinent part, that "Every person liable for any tax * * * shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." Section 1.6001-1(a), Income Tax Regs., provides, in pertinent part, that "any person subject to tax under subtitle A of the Code * * *, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax * * *." It is undisputed that petitioner maintained accounting or bookkeeping records with respect to his welding and repair activity. However, that alone does not relieve the taxpayer of establishing *235 proof of an entry in his records or that an item, if entered as an expense, was ordinary and necessary in connection with the trade or business. The regulation cited requires records "sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return." Section 1.6001-1(a), Income Tax Regs. In other words, the taxpayer must substantiate the entries in his books and records. In Consolidated-Hammer Dry Plate & Film Co. v. Commissioner, 49 T.C. 153, 171 (1967), affd. 409 F.2d 1077 (7th Cir. 1969), this Court disallowed deduction of real estate taxes evidenced by a bookkeeping entry without proof of further substantiation. The Court, therefore, is skeptical that the nature of petitioner's business required on the spot cash payments anywhere near the amount of $ 12,737.22 petitioner claimed for 1984, or the other amounts claimed for 1985 and 1986. The Court, however, is satisfied that petitioner, at times, was required to make cash payments in which obtaining receipts or other evidence of substantiation might not be readily available or practical and *236 that, in fact, petitioner made such payments during the years in question. Making "as close an approximation as [we] can, bearing heavily if [we] choose upon the taxpayer whose inexactitude is of his own making," Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930), the Court finds that petitioners are entitled to an additional $ 250 expense for each of the years in question representing cash payments in connection with their welding and repair activity. The additions to tax, under section 6653(a)(1) and (2), were determined for petitioners' 1984 and 1985 tax years. The section 6653(a)(1) addition applies to the entire underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations, whereas the section 6653(a)(2) addition applies only to that part of the underpayment attributable to negligence or intentional disregard of rules or regulations. Petitioner *687 argued that, because he maintained accounting records, he did not negligently or intentionally disregard rules or regulations, even though some of his expenses may not have been substantiated to sustain their deduction for income tax purposes. *237 This argument, however, does not adequately address the issue. For example, there were several other adjustments to petitioners' business activity which petitioners conceded and which do not appear to have been adjusted due to lack of substantiation. For example, petitioners claimed an expense deduction of $ 6,905 in 1985 for "Equipment Purchase" in connection with their welding and repair business, all of which was disallowed by respondent. Although the reason for the disallowance is not recited in the notice of deficiency, it is evident that petitioners attempted to claim as a current expense the cost of depreciable property, and thus petitioners negligently or intentionally disregarded rules or regulations. Petitioners failed to present any evidence with respect to the section 6653 additions to tax, other than their argument that their books and records accurately reflected the manner in which they accounted for their expenses. The Court notes further that the notice of deficiency determined the section 6653(a)(2) addition to tax only to a portion of the underpayment for each year, which reflects a determination by respondent that a portion of the underpayments was not due to *238 negligence or intentional disregard of rules or regulations. Without any further proof from petitioners, the additions to tax under section 6653(a)(1) and (2), as determined by respondent, are sustained. For the 1985 tax year, respondent determined an addition to tax under section 6661. Section 6661(a) provides for an addition to tax of 25 percent of the amount of any substantial understatement of income tax. If the amount of tax required to be shown on the return exceeds the amount of tax actually shown on the return by the greater of $ 5,000 or 10 percent of the amount required to be shown, there is an "understatement" which is "substantial." Section 6661(b)(1) and (2). Based on the notice of deficiency, there is a substantial understatement of tax for petitioners' 1985 tax year, and it is evident that a substantial understatement will exist after allowances are provided under Rule 155 for the additional expense of $ 250 allowed earlier in this opinion. Section 6661(c) vests authority in the Secretary to waive all or any part of the addition to tax on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof), and that the taxpayer acted *239 in good faith. Respondent did not waive the section 6661 addition in this case, and petitioners did not raise, as an issue, whether a waiver was requested and, if a waiver was requested and denied, that such denial by respondent was an abuse of discretion. See Mailman v. Commissioner, 91 T.C. 1079, 1083 (1988). Accordingly, the applicability of section 6661(c) is not at issue here. The only other situation in which petitioners could be exonerated is section 6661(b)(2)(B), which allows a reduction of the understatement of tax if there was substantial authority for the tax treatment of the items at issue, or there was adequately disclosed in the return or in a statement attached to the return all the relevant facts affecting the tax treatment of the items at issue. Petitioners presented no evidence which would satisfy the requirements of section 6661(b)(2)(B); consequently, the addition to tax under section 6661(a) is sustained. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on an underpayment of $ 3,553.00. ** 50% of the interest due on an underpayment of$ 1,501.00.↩
*. Although petitioners did not report their welding and repair activity on a Schedule C or on any other part of their 1986 income tax return, their books and records reflected this $ 600 expense item which respondent declined to allow during the audit.↩