WILLIAM PATRICK KANE AND ANGELA MARIA KANE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kane v. Commissioner
Docket No. 8046-90.
United States Tax Court
T.C. Memo 1992-218; 1992 Tax Ct. Memo LEXIS 234; 63 T.C.M. (CCH) 2753; April 13, 1992, Filed *234 Decision will be entered for respondent. William Patrick Kane, pro se. Terry W. Vincent, for respondent. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined a deficiency in petitioners' Federal income tax for 1986 in the amount of $ 6,912 and an addition to tax under section 6661(a) in the amount of $ 1,728. After concessions by petitioner, the remaining issues are: (1) Whether petitioners are liable for an additional 10-percent tax attributable to an early distribution from an individual retirement account (I.R.A.); and (2) whether petitioners are liable for the addition to tax under section 6661(a). Some of the facts were stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners were residents of Niles, Ohio, at the time the petition herein was filed. In 1986, William *235 Kane (petitioner) received a $ 33,983 distribution from his IRA. The distribution was not rolled over into another IRA or included as income on petitioners' 1986 joint return. Respondent determined (1) the entire distribution was includable in petitioner's gross income in 1986; (2) that petitioner was liable for a 10-percent additional tax on early distributions from an IRA; and (3) that petitioner is liable for the addition to tax under section 6661(a) for a substantial understatement of income tax. Section 408(d)(1), as applicable, states the general rule that unless otherwise provided any amount paid or distributed from an IRA is includable in the recipient's gross income for the year of receipt. The statute clearly applies to the distribution of $ 33,983 to petitioner from his IRA in 1986. Section 408(f)(1), as applicable, provides that if an IRA distribution is made before the recipient attains the age of 59-1/2, there is an additional tax imposed equal to 10 percent of the distribution which is includable in the recipient's gross income for the year of receipt. However, section 408(f)(3), as applicable, renders section 408(f)(1) inapplicable in cases where the distribution *236 is made because the taxpayer becomes disabled, as defined in section 72(m)(7). In the instant case petitioner argues he is disabled within the meaning of section 72(m)(7) and is therefore not liable for the 10-percent additional tax. Section 72(m)(7) is explicit as to the applicable meaning of the term "disabled". Under section 72(m)(7) an individual is considered disabled if: (1) He is unable to engage in any substantial gainful activity due to a medically determinable physical or medical impairment; (2) the disability can be expected to result in death or be of a long-continued and indefinite duration; (3) the individual furnishes proof of the disability in the form and manner required by the Secretary. The regulations set forth the general considerations upon which a disability determination is made. See sec. 1.72-17A(f)(2), Income Tax Regs. The regulations provide that the determination is to be made on the basis of all the facts. They state that in determining whether an individual's infirmity makes him unable to engage in any substantial gainful activity, primary consideration is to be given to the nature and severity of the impairment. Sec. 1.72-17A(f)(1), Income Tax *237 Regs. Other factors to be considered include the individual's education, training and work experience. Finally, the regulation emphasizes that any impairment, whether of lesser or greater severity, must be evaluated in terms of whether it does in fact prevent the individual from engaging in his customary or any comparable substantial activity. Sec. 1.72-17A(f)(2), Income Tax Regs.
At trial petitioner offered two exhibits in evidence to support his contention that he is disabled within the meaning of section 72(m)(7). The first exhibit offered by petitioner was an August 27, 1991, order of the Court of Common Pleas of Trumbull County, Ohio. The order gave the County's Children Services Board permanent custody of petitioners' minor child due to petitioners' poor health. The order stated that petitioner suffers from diabetes and heart disease and that his wife suffers from a personality disorder. The Court indicated that these medical problems rendered petitioners incapable of caring for their child. Although the proffered evidence indicates that petitioner exhibited medical problems in 1986, it does not prove that petitioner was disabled within the meaning of section 72(m)(7). *238 Although the petitioner's health was held to have made it impossible for him to care for a child, the Ohio Court did not address the issue of whether petitioner's medical problems so disabled him as to render him incapable of engaging in any substantial gainful employment. The second exhibit submitted by petitioner with respect to the disability issue was a computer print-out. The print-out confirmed that petitioner became eligible for social security disability benefits in May 1990 and that his wife became eligible for such payments in November 1981. Again, the evidence does not address the issue of whether petitioner was disabled within the meaning of section 72(m)(7) in 1986, the year here in issue. The print-out simply informs us that petitioner was sufficiently disabled in May of 1990 to begin receiving social security disability benefits. At the conclusion of the trial, the Court agreed to keep the record open for a period of time to enable petitioner to produce documentation bearing on his disability. Two subsequent extensions were granted by the Court for this purpose. Petitioner has now submitted two additional letters, which the Court has admitted in evidence, relating *239 to medical treatment he received for a diabetes mellitus condition in 1983 and in 1990 and subsequent years. Neither of these exhibits established that petitioner was disabled in 1986 within the meaning of the statute. Absent any persuasive evidence indicating that petitioner's physical impairments precluded him from engaging in substantial gainful activity, we must find that petitioner fails to meet his burden of proving that respondent's determination is erroneous. We conclude on this record that petitioner is subject to the additional 10-percent tax imposed by the statute on early distributions. Respondent is sustained on this issue. Next we turn to the issue of whether petitioner is liable for the addition to tax under section 6661(a), which provides for an addition to tax if there is a substantial understatement of income tax. The amount of the section 6661(a) addition to tax is equal to 25 percent of the amount of the underpayment attributable to such substantial understatement. See Pallottini v. Commissioner, 90 T.C. 498, 503 (1988). The understatement is deemed substantial if it exceeds the greater of 10 percent of the tax required to be shown on *240 the return or $ 5,000. Sec. 6661(b)(1)(A). If the understatement is shown to be based on substantial authority or adequately disclosed on the return or in a statement attached to the return, the understatement may be reduced. Sec. 6661(b)(2)(B). Neither of these conditions is applicable here. Therefore, petitioner is liable for the addition to tax unless some or all of the addition to tax should have been waived by respondent. See sec. 6661(c). Respondent, not the Court, has the discretion under the statute to waive the addition to tax under section 6661(a). Due deference should be given to respondent's exercise of his discretion under the statute. Mailman v. Commissioner, 91 T.C. 1079, 1082 (1988). The appropriate standard for review by this Court is whether respondent has abused her discretion. Id. at 1083. The record contains no persuasive evidence to show that there was reasonable cause for the understatement and that the taxpayer acted in good faith. The most important factor in determining reasonable cause and good faith is "the extent of the taxpayer's effort to assess * * * [his] proper tax liability under the law." Sec. *241 1.666106(b), Income Tax Regs. Here, petitioner apparently attributes his failure to determine his proper tax liability for 1986 to the ongoing custody dispute involving his son. His request for waiver made in a letter to respondent on September 27, 1987, simply recited in conclusory fashion that his understatement of tax was in good faith. We find this evidence singularly unpersuasive. We must therefore conclude on this record that the addition to tax under section 6661(a) is applicable and respondent did not abuse her discretion by refusing to waive the addition to tax. Respondent is sustained. Decision will be entered for respondent.