OLDE TOWNE TYPESETTERS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olde Towne Typesetters v. Commissioner
Docket No. 17802-89
United States Tax Court
T.C. Memo 1993-296; 1993 Tax Ct. Memo LEXIS 299; 66 T.C.M. (CCH) 51; July 12, 1993, Filed *299 Decision will be entered for respondent. For petitioner: Edward R. Joyce. For respondent: James A. Kutten. WHALEN
WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: Respondent determined the following additions to petitioner's Federal corporate income tax: Additions to Tax Year
Deficiency Sec. 6651(a)(1)
Sec. 6661 1983
--
$ 5,319.38
$ 3,751.25
1984
--
178.31
--  All section references are to the Internal Revenue Code in effect for the years at issue. The issues for decision in this case are: (1) Whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely income tax returns for 1983 and 1984, and (2) whether petitioner is liable for an addition to tax under section 6661 for a substantial understatement of its income tax for 1983. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The Stipulation of Facts and exhibits attached thereto are incorporated herein by this reference. Petitioner is a Missouri corporation. At the time the petition in this case was filed, petitioner's principal place of business was St. Louis, Missouri. Petitioner is a small graphic arts, publishing, *300 and advertising firm. For the years in issue, petitioner reported income and expenses for Federal income tax purposes using the accrual method of accounting. At that time, petitioner's principal accounting records consisted of its bank account records. Petitioner's gross sales were $ 683,408 in 1983 and $ 463,824 in 1984. In 1981, petitioner's accountant, Comprehensive Accounting Services, merged with another company to form Stein & Associates, P.C. Petitioner retained Stein & Associates, P.C. to provide bookkeeping and tax return preparation services. Mr. Nathan Stein, a partner of the firm and a certified public accountant, handled petitioner's account. In this opinion, we refer to Mr. Stein and his accounting firm as "the accountant". Sometime prior to the years in issue, petitioner had authorized its bank to send bank statements and canceled checks directly to the accountant. In addition, petitioner sent the accountant its checkbook stubs on a monthly basis. The accountant prepared petitioner's financial statements and tax returns from these records. On June 7, 1983, petitioner paid $ 1,000 to the Hartwig-Dischinger Realty Co. as a deposit for the purchase of land located *301 at 317 Elm Grove Avenue, St. Louis, Missouri. On June 27, 1983, petitioner paid the balance of the purchase price, $ 34,130.07. A copy of the closing statement from the land purchase was sent to the accountant. The accountant prepared unaudited financial statements for petitioner for the 6-month period ending June 30, 1983. Petitioner received the financial statements on July 18, 1983. On those financial statements, the accountant had erroneously treated the above deposit of $ 1,000 as a debit to "Miscellaneous Expense". As prepared by the accountant, petitioner's general ledger reflected the following entry: BEGINNING
ENDING
ACCOUNT DESCRIPTION
BALANCE
CURRENT
BALANCE
Miscellaneous expense
$ 1,295.85
Petty cash
$ 44.30
Hartwig Dischinger
1,000.00
Other
750.53
1,794.83
$ 3,090.68
The accountant had also erroneously treated the balance of the purchase price, $ 34,130.07, as a debit to another expense account, "Newspaper Printing Costs". Petitioner's general ledger reflected the following entry: BEGINNING
ENDING
ACCOUNT DESCRIPTION
BALANCE
CURRENT
BALANCE
Newspaper print. costs
$ 81,613.45
Collinsville Herald
$  3,219.00
Lindbergh Bank
34,130.07
37,349.07
$ 118,962.52
*302 The accountant included the balance of the above account, newspaper printing costs, in petitioner's cost of sales. As of June 30, 1983, petitioner's income statement reflected the following: FOR THE MONTH AND FOR THE SIX MONTHS ENDED June 30, 1983 COST OF SALES
CURRENT MONTH
YEAR TO DATE
(6/30/83)
(1/1-6/30/83)
Newspaper printing costs
$ 37,349.07
$ 118,962.52
Newspaper distributing costs
828.48
4,793.61
Postage costs news dist.
1,166.89
7,806.91
Outside services
200.13
895.79
Newspaper supplies
75.20
2,872.09
TOTAL COST OF SALES
39,619.77
135,330.92
The accountant prepared unaudited financial statements for petitioner for the year ending December 31, 1983. Petitioner received the financial statements on February 8, 1984. They included general ledger entries for the month of December 1983 and general ledger balances for the entire year. Petitioner's Federal corporate income tax return for 1983 was due on March 15, 1984. On or about March 14, 1984, the accountant prepared and filed with the Internal Revenue Service a Form 7004, Application for Automatic Extension, to extend the due date of petitioner's 1983 return to September 15, 1984. As *303 filed, the form bore the accountant's signature but not the signature of any of petitioner's officers. Sometime during 1984, petitioner's officers, Messrs. Williams and Drebber, became concerned by the fact that they had not received petitioner's 1983 return. Accordingly, they attempted to contact the accountant about the return. They also attempted to retrieve petitioner's original documents from the accountant in order to have someone else prepare the return. The accountant constantly assured the officers not to worry. He did not return petitioner's bank records to them. At this time, petitioner terminated its practice of sending the accountant original documents and it began to send copies to him. At or about this time, Mr. Eugene Drebber, vice president of petitioner, discovered that the accountant had been estimating, rather than actually computing, the amounts reported on petitioner's Forms 941, Employer's Quarterly Federal Tax Returns. Petitioner's employees began filing petitioner's Forms 941. On or about November 30, 1984, the accountant presented petitioner's 1983 return to petitioner's president, Mr. David Williams. Mr. Williams signed the return, and the accountant *304 mailed it to the Internal Revenue Service on December 10, 1984. Respondent received petitioner's return on December 13, 1984. As prepared by the accountant, petitioner's 1983 return deducted cost of goods sold of $ 163,845.76. This amount included the $ 34,130.07 capital expenditure for the purchase of land located at 317 Elm Grove Avenue. Petitioner continued to retain the accountant to prepare its 1984 Federal corporate income tax return due on March 15, 1985. On March 8, 1985, the accountant filed with the Internal Revenue Service a Form 7004, Application for Automatic Extension, to extend the due date of petitioner's 1984 return to September 15, 1985. The accountant did not complete the 1984 return within the extension deadline. Petitioner filed its 1984 return on October 15, 1985. Subsequently, in the course of its audit of petitioner, the Internal Revenue Service requested petitioner's records from the accountant. When the accountant did not cooperate with respondent's agents, Mr. Drebber, petitioner's vice president, visited the accountant's office unannounced and retrieved all or a part of petitioner's records pertaining to 1983 and 1984 from the accountant's store *305 room. OPINION The first issue for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file timely income tax returns for 1983 and 1984. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless such failure is due to reasonable cause and not due to willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989); Bagur v. Commissioner, 66 T.C. 817, 823 (1976), revd. on another issue 603 F.2d 491 (5th Cir. 1979). Section 6651(a)(1) imposes an addition to tax equal to 5 percent of the tax required to be shown on the return for every month, or fraction thereof, that the return is late (not to exceed 25 percent in the aggregate). Sec. 6651(a)(1). Petitioner's 1983 return was due, considering extensions, on September 15, 1984. Petitioner did not file its 1983 return until December 13, 1984, 3 months after the due date. In the notice of deficiency, respondent determined an addition to tax under section 6651(a)(1) of $ 5,319.38 for 1983. Petitioner's 1984 return was due, considering extensions, on September *306 15, 1985. Petitioner did not file its 1984 return until October 15, 1985, 1 month after the due date. In the notice of deficiency, respondent determined an addition to tax under section 6651(a)(1) in the amount of $ 178.31 for 1984. Petitioner concedes that it failed to file timely tax returns for 1983 and 1984, but it claims that such failure was due to reasonable cause and not to willful neglect. Petitioner argues that it was prevented from timely filing its 1983 and 1984 returns because its accountant withheld its records. Petitioner relies on the following testimony of Mr. Drebber, its vice president: Q: Did you attempt to get the records back that were for '84 now? A: Yes, sir. We attempted to get all our records back. Q: All records back. Did you or did you not get back your records at the time for, I think, '84 -- for the year '84? A: No, sir. Again, I was led on a wild goose chase, as I said. We were in complete contract [sic] with Stein's office, all the time trying to get our records back from the individuals who were supposedly doing the work for us. The excuses I got were, you know, from records being in his basement -- stored in his basement at *307 home -- to boxes of records in his own office that he couldn't locate.
Mr. Drebber also testified that, in late 1984 or the beginning of 1985, petitioner's attorney wrote the accountant to try to retrieve all records in the accountant's possession, and that the accountant ignored requests for petitioner's records made by Internal Revenue Service agents assigned to audit petitioner. The record does not contain a copy of this letter. The accountant could not be found to testify. Petitioner further contends that it had no choice but to permit the accountant to prepare its 1984 return because the accountant was in possession of petitioner's original documents for 8 months of the 1984 taxable year by the time petitioner first encountered problems with the accountant. Petitioner relies on a list of reasonable causes for failure to timely file contained in the Internal Revenue Service Manual. See 2 Audit, Internal Revenue Manual (CCH), sec. 4562.2, at 8175-6. Petitioner points out that this list includes "destruction of the taxpayer's * * * business records by civil disturbance, fire, or other casualty" as a reasonable cause for failure to file. Petitioner argues that its inability *308 to retrieve its records from the accountant prevented it from filing a timely return and "was just as real as if the records had been destroyed". Respondent argues that the subject additions to tax under section 6651(a)(1) were properly determined because petitioner had a nondelegable duty to file its returns on time and because, generally, unavailability of records does not constitute reasonable cause for failing to timely file a tax return. Respondent further maintains that the facts do not support petitioner's contention that its records were unavailable. At the outset, we note that the taxpayer bears a heavy burden of proving that the failure to timely file was due to reasonable cause and not to willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985). In order to prove reasonable cause, a taxpayer must show that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; Bank of the West v. Commissioner, 93 T.C. 462, 471 (1989). In order to disprove willful neglect, a taxpayer must demonstrate *309 that the failure to timely file was not due to "a conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245. We further note that petitioner does not argue that its delinquent returns were due to reliance on the accountant's advice. The law is clear that reliance upon a tax adviser, such as a lawyer or an accountant, to timely file a tax return does not constitute reasonable cause for late filing under section 6651(a)(1). United States v. Boyle, supra at 252; Zabolotny v. Commissioner, 97 T.C. 385, 400 (1991). In this case, petitioner relies upon the testimony of its vice president, Mr. Drebber, to satisfy its heavy burden of proving reasonable cause. We found Mr. Drebber's testimony concerning the steps which petitioner took to obtain its 1983 tax return from the accountant and the dates on which such steps were taken to be vague. For example, it is not clear from his testimony that petitioner sought to obtain the return of its records from the accountant prior or subsequent to the filing of its delinquent 1983 return. We must sustain respondent's *310 determination of the addition under section 6651(a)(1). The thrust of petitioner's position is that it was prevented from filing a timely return by the fact that the accountant had possession of petitioner's bank records and did not give petitioner's representatives access to them. However, we cannot find that petitioner had no access to its bank records. In fact, ultimately Mr. Drebber went to the accountant's office and retrieved the records himself. Petitioner has offered nothing to explain why that could not have been done earlier. Similarly, we assume that petitioner's bank maintained records of petitioner's account. Petitioner has offered nothing to explain why it could not have obtained copies of its bank records directly from the bank. Moreover, even if petitioner could not have obtained its bank records, it had, in its possession, financial statements for the 6-month period ending June 30, 1983, and for the 12-month period ending December 31, 1983. The accountant had prepared these financial statements from petitioner's bank records. Petitioner has offered nothing to explain why its 1983 return could not have been prepared from those financial statements. Turning *311 to the following year, we are not satisfied that petitioner has shown reasonable cause for its failure to file a timely 1984 return. Petitioner had ample time after it encountered difficulty with the accountant during the latter part of 1984 to file its 1984 return. With extensions, petitioner's 1984 return was not due until September 15, 1985. Petitioner has not shown that it took sufficient steps during that time to file a timely 1984 return. It appears that petitioner did nothing but continue to retain the accountant. For these reasons, we find that petitioner failed to prove reasonable cause and failed to disprove that it willfully neglected to timely file its 1984 return. The second issue for decision in this case is whether petitioner is liable with respect to his 1983 return for the addition to tax under section 6661 in the amount of $ 3,751.25. Respondent determined that there was "a substantial understatement of income tax" on petitioner's 1983 return due to the fact that the return includes, in cost of goods sold, the purchase price of a parcel of land, $ 34,130.07. Sec. 6661(a). Section 6661 imposes an addition to tax of 25 percent of the amount of any underpayment *312 attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498 (1988). In the case of a corporation, an understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $ 10,000. Sec. 6661(b)(1). For purposes of section 6661, respondent is given the authority to waive all or any part of the addition on a showing by the taxpayer that there was reasonable cause for the understatement, and that the taxpayer acted in good faith. Sec. 6661(c); McCrary v. Commissioner, 92 T.C. 827, 856 (1989). Petitioner argues that it is not liable for the addition to tax under section 6661 determined by respondent because respondent should have waived the addition as permitted by section 6661(c). The only authority cited by petitioner for its position is section 1.6661-6(b), Income Tax Regs., which states as follows: Reliance on an information return, professional advice, or other facts, however, would constitute a showing of reasonable cause and good faith if, under all the circumstances, such reliance was reasonable *313 and the taxpayer acted in good faith. For example, reliance on erroneous information (such as an error relating to the cost of property, the date property was placed in service, or the amount of opening or closing inventory) inadvertently included in data compiled by the various divisions of a multidivisional corporation or in financial books and records prepared by those divisions would, in general, indicate reasonable cause and good faith, provided the corporation had internal controls and procedures, reasonable under the circumstances, that were designed to identify factual errors.
Although respondent's waiver is a discretionary act, this Court has authority to review the exercise of respondent's discretion. Cloud v. Commissioner, 97 T.C. 613, 631 (1991). The appropriate standard of review is whether the Commissioner's refusal to waive the addition amounts to an abuse of discretion, that is, whether the Commissioner's refusal was arbitrary, capricious, or without sound basis in fact. Id.; Mailman v. Commissioner, 91 T.C. 1079, 1083-84 (1988). As mentioned above, respondent determined that there was a substantial *314 understatement of income tax for 1983 stemming from the fact that a capital expenditure of $ 34,130.07 for the purchase of a parcel of land was deducted on petitioner's 1983 return as part of its cost of goods sold. It is clear that this mistake was caused by petitioner's accountant. That fact, however, is not sufficient, by itself, to constitute "reasonable cause" within the meaning of section 6661(c). Petitioner has advanced nothing else. In sustaining respondent, we note that the amount of the expenditure was large in relation to the expense account into which it was booked. Mr. Drebber, petitioner's vice president, testified that entries to the subject expense account, newspaper printing costs, were approximately $ 2,000 per month. Similarly, petitioner's balance sheet and tax return did not reflect an entry for land. Thus, based upon the amounts involved, we believe that the accountant's mistake should have been detected upon a reasonable inspection of petitioner's tax return. Furthermore, Mr. Williams, who signed petitioner's 1983 tax return did not testify at trial. Based upon this record, we find that petitioner has not proven that reasonable cause existed for the *315 understatement or that it acted in good faith. Thus, we cannot find that respondent's refusal to waive the addition was an abuse of discretion. Accordingly, we sustain respondent's determination of the addition to tax for substantial understatement under section 6661. Decision will be entered for respondent.