ALAN H. MAILMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6243-87. Filed December 15, 1988.

---

*Stephen P. Patrizio,* for the petitioner.
*Theodore L. Marasciulo, Jr.,* for the respondent.

WILLIAMS, *Judge:* The Commissioner determined deficiencies and additions to tax in petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to tax | | |
|------|-----------|------------------|--|--|
| | | Sec. 6653(a)(1) [1] | Sec. 6653(a)(2) | Sec. 6661 |
| 1981 | $8,261 | $413 | 50 percent of the interest on $8,261 | - - - |
| 1982 | 88,746 | 4,437 | 50 percent of the interest on 88,746 | $22,187 |
| 1983 | 11,144 | 557 | 50 percent of the interest on 11,144 | 2,786 |

After concessions, the sole issue we must address is whether petitioner is liable for the additions to tax pursuant to section 6661.

### FINDINGS OF FACT

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Philadelphia, Pennsylvania, at the time he filed the petition in this case.

From 1973 to 1983, petitioner was employed as the credit manager for Fishman & Tobin, Inc. (Fishman & Tobin). His duties included determining whether to extend credit to retailers, department stores, and chain stores, and analyzing financial statements and other information. During the years in issue petitioner, a compulsive gambler, embezzled from Fishman & Tobin the following amounts:

| Year | Embezzled amount |
|------|------------------|
| 1981 | $19,988 |
| 1982 | 155,386 |
| 1983 | 43,870 |

---

[1] All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue, unless otherwise indicated.

He used the embezzled money to fund his gambling habit. Petitioner failed to report any of this embezzled income on his 1981, 1982, or 1983 Federal income tax returns and did not keep any books, records, or make any accounting of the funds he embezzled from Fishman & Tobin.

During 1981 and 1982, petitioner operated a stall at a flea market from which he received net income of $4,950 and $11,018, respectively. Petitioner kept no books and records of his income and expenses from the flea market business and did not report his income from this activity on his 1981 or 1982 Federal income tax returns.

Petitioner concedes his liability for Federal income tax on the unreported income in 1981, 1982, and 1983. Petitioner stipulated that his net income from the flea market activity is subject to self-employment tax. Petitioner also concedes his liability for additions to tax pursuant to sections 6653(a)(1) and 6653(a)(2) for the taxable years 1981 through 1983.

## OPINION

The sole issue we must decide is whether petitioner is liable for additions to tax pursuant to section 6661 which provides for an addition to tax in the amount of 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Sec. 6661(a); *Pallottini v. Commissioner*, 90 T.C. 498 (1988). An understatement is the amount by which the correct tax exceeds the reported tax. Sec. 6661(b)(2). An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $5,000. Sec. 6661(b)(1)(A). Petitioner agrees that he substantially understated his Federal income tax for 1982 and 1983. There is no substantial authority that supports petitioner's failure to report his income, and petitioner failed to disclose any relevant facts on his return or on an attached statement that might show reasonable cause. See sec. 6661(b)(2)(B). Consequently, petitioner is liable for the section 6661 addition to tax unless some or all of the addition to tax should have been waived by respondent.[2]

---

[2]Sec. 6661(c) provides:

SEC. 6661(c). AUTHORITY TO WAIVE.—The Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was

Petitioner contends that respondent acted arbitrarily and unreasonably in refusing to grant petitioner a waiver of the section 6661 addition to tax. Petitioner argues that he had reasonable cause for the understatements on his 1982 and 1983 returns, and that he acted in good faith in failing to report embezzled funds as income for 1982 and 1983. Petitioner's position is grounded on his alleged lack of knowledge that embezzled funds are includable in gross income. *James v. United States,* 366 U.S. 213 (1961). Petitioner also points to his intense preoccupation with pending criminal charges, proceedings, and penalties against him. He also seeks relief because of the 3-year period of his claimed pathological gambling.

Respondent argues that his discretion is absolute and is not subject to our review under any standard.

We recognize that Congress made respondent's waiver a discretionary act, and we should certainly give due deference to the administrator's discretion. Nowhere, however, did Congress express a desire to grant respondent unfettered discretion. As we stated in *Estate of Gardner v. Commissioner,* 82 T.C. 989, 994 (1984): "There is a strong presumption that the actions of an administrative agency are subject to judicial review." See also *Dunlop v. Bachowski,* 421 U.S. 560, 567 (1970); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140-141 (1967); Administrative Procedure Act, 5 U.S.C. secs. 701-706 (1982). Agency action is only exempt from judicial review where the governing statutes expressly preclude review or where the action is committed to agency discretion by law. *Estate of Gardner v. Commissioner, supra;* 5 U.S.C. sec. 701(a). Section 6661(c) does not on its face preclude judicial review of a denial of waiver of the section 6661 addition to tax. The legislative history of section 6661(c) reveals no such intent on the part of Congress.

To determine whether an action has been committed solely to agency discretion, we have followed the standards followed in other Federal courts. Only in cases in which it can be found that the existence of broad discretionary

reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith.

power is not appropriate for judicial review, or that the agency determination involves political, economic, military, or other managerial choices not susceptible to judicial review, or that the agency determination requires experience or expertise for which legal education or the lawyer's skills provide no particular competence for resolution and for which there are no ascertainable standards against which the expertise can be measured, have the courts refrained from reviewing administrative discretion. *Estate of Gardner v. Commissioner, supra* at 996. See also *Hondros v. United States Civil Service Commission,* 720 F.2d 278, 293 (3d Cir. 1983); *Local 1219, American Federation of Government Employees v. Donovan,* 683 F.2d 511, 515 (D.C. Cir. 1982); *American Federation of Government Employees Etc. v. Brown,* 680 F.2d 722, 725 (11th Cir. 1982); *Peoples Gas, Light & Coke Co. v. U.S. Postal Service,* 658 F.2d 1182, 1190-1191 (7th Cir. 1981).

The narrow category of circumstances warranting our refraining from reviewing administrative discretion does not exist here. Indeed, the statute and regulations provide ascertainable standards upon which to review respondent's action. This review does not involve political, economic, military, or other managerial choices not susceptible to judicial review. The regulations provide objective standards which can be applied in any case before us.[3] Sec. 1.6661-6(b) and (c), Income Tax Regs. Moreover, we are accustomed to reviewing respondent's discretionary authority to waive the section 6661 addition to tax and other additions.[4] Consequently, we hold that the denial of a waiver of the section 6661 addition to tax is reviewable by this Court.

We believe the appropriate standard of review is whether respondent has abused his discretion. The issue here is not whether petitioner's conduct satisfies the conditions for imposing the addition to tax. Those conditions have been

---

[3]Sec. 1.6661-6(a), Income Tax Regs. provides:

(a) *In general.* The Commissioner may waive all or part of the penalty imposed by section 6661 on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith. The circumstances taken into account in determining whether to waive the penalty are described in paragraph (b) of this section. In addition, paragraph (c) of this section describes circumstances in which the penalty will always be waived.

[4]See *Goodwin v. Commissioner,* T.C. Memo. 1988-178; *Noonan v. Commissioner,* T.C. Memo. 1986-449.

satisfied. The issue is whether petitioner's liability should have been waived by respondent. Unlike other additions to tax such as for failure to timely file (sec. 6651(a)(1)), the statute does not provide that the taxpayer's proof of reasonable cause will excuse the taxpayer's misfeasance. Rather, section 6661(c) provides that if liability under the statute is otherwise imposed, respondent may waive imposition of the addition to tax in cases in which respondent determines that the taxpayer's failure had a reasonable cause or was premised on good faith. The administrator's judgment and ability to provide uniform treatment to similarly situated taxpayers deserves our deference. We should not substitute our judgment for his. Nevertheless, we should not refrain from judging whether his discretion has been exercised arbitrarily, capriciously, or without sound basis in fact. The standard of review most appropriate in the case of failure to grant a waiver is, therefore, whether respondent abused his discretion. 5 U.S.C. sec. 706(2)(A); *Estate of Gardner v. Commissioner, supra* at 1000.

In this case, we find that respondent did not abuse his discretion in denying a waiver of the addition to tax pursuant to section 6661(c). Initially, we note that though there is no evidence of the materials that petitioner formally submitted to respondent in requesting a waiver of the section 6661 addition to tax, petitioner submitted enough information to respondent during the audit to support an inference that respondent considered a waiver knowing the facts as we have found them.[5] Furthermore, the most important factor in determining reasonable cause and good faith is "the extent of the taxpayer's effort to assess [his] proper tax liability under the law." Sec. 1.6661-6(b), Income Tax Regs. Petitioner did not introduce any expert evidence that he was a pathological gambler or that his condition impaired his ability to report his income for Federal income taxes. Petitioner introduced no evidence of his efforts to assess his proper tax liability, other than his statements at trial that he lacked the knowledge that embezzled funds

---

[5]Because of our conclusion in this case that respondent did not abuse his discretion, we do not need to consider whether petitioner's proof was insufficient to show that respondent had an adequate opportunity to exercise his discretion.

were taxable, which we found to lack credibility. We hold that petitioner has failed to carry his burden of showing that respondent abused his discretion in determining that no reasonable cause existed for the understatement on petitioner's 1982 and 1983 income tax returns, and that petitioner did not act in good faith. Whatever our judgment might have been had we had responsibility for that decision, respondent has not abused his discretion.

Because of concessions,

*Decision will be entered under Rule 155.*