SAMUEL G. AND HAZEL P. EUBANKS, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Eubanks v. Commissioner
Docket Nos. 22470-88, 22471-88, 22472-88
United States Tax Court
T.C. Memo 1990-227; 1990 Tax Ct. Memo LEXIS 261; 59 T.C.M. (CCH) 529; T.C.M. (RIA) 90227; May 7, 1990, Filed *261 Decisions will be entered under Rule 155. Scott R. Cox, for the petitioners. Jennifer Troutman, for the respondent. KORNER, Judge. KORNER
*756 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Samuel G. and Hazel P. Eubanks - Docket No. 22470-88: Additions to Tax - Section [2]
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1982
$ 12,694 $ 634.70
50% of the
$ 4,289.25
interest due on
$ 17,157
*262 Ernest W. Marshall - Docket No. 22471-88: Additions to Tax - Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1982
$ 12,694 $ 634.70
50% of the
$ 3,776.75
interest due on
$ 15,107
1983
--    --
50% of the --
interest due on
$ 2,177
Walter M. and Thelma Wolfe - Docket No. 22472-88: Additions to Tax - Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1982
$ 12,693 $ 634.65
50% of the
$ 3,173.25
interest due on
$ 12,693
The issues for decision are: (1) whether petitioners erroneously claimed investment tax credits arising from expenditures made by their real estate partnership in 1982; (2) whether petitioners are liable for additions to tax pursuant to sections *263 6653(a)(1) and (2) and 6661 for 1982; and (3) whether petitioner Ernest W. Marshall is liable for an addition to tax pursuant to section 6653(a)(2) for 1983. [3]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations of fact and exhibits attached thereto are incorporated herein by this reference. Samuel G. and Hazel P. Eubanks (hereinafter Dr. and Mrs. Eubanks or petitioners Eubanks), Ernest W. Marshall (Dr. Marshall or petitioner Marshall), and Walter M. and Thelma Wolfe (Dr. and Mrs. Wolfe or petitioners Wolfe) resided in Louisville, Kentucky, when they filed their petitions in these cases. Both Dr. and Mrs. Eubanks and Dr. and Mrs. Wolfe filed joint Federal income tax returns for 1982; Dr. Marshall filed as an unmarried individual in 1982 and 1983. Drs. Eubanks, Marshall, and Wolfe *264 are physicians. During 1982 they owned and operated a medical clinic, E.M.W. Health Services, P.S.C. (E.M.W.). E.M.W. was an outpatient surgical care facility. *757 In an agreement dated June 10, 1982, amended effective December 1, 1982, E.M.W. agreed to lease the ninth floor and part of the eighth floor of the Lincoln Federal Building in Louisville, Kentucky. At that time, the Lincoln Federal Building was over 40 years old, and had a total leasable area of 132,000 square feet on 11 floors. E.M.W. leased a total of 5,055 square feet. The lease had a five-year term, commencing December 1, 1982. E.M.W. had an option to renew the lease for one additional five-year period. By an agreement dated January 15, 1983, E.M.W. assigned its rights under the lease to VIP Development Company (VIP), a real estate partnership. Drs. Eubanks, Marshall, and Wolfe were sole, equal partners in VIP. VIP subleased the premises back to E.M.W. It also renegotiated the renewal option of the lease to three five-year periods. During 1982 VIP expended $ 190,404 to renovate the leased space to accommodate E.M.W.'s medical practice. [4] On its Form 1065, partnership information return, VIP claimed qualified *265 rehabilitation expenditures totaling $ 190,406. On their 1982 Federal income tax returns petitioners each claimed an investment tax credit arising from their proportionate share of VIP's claimed qualified rehabilitation expenditures: petitioners Eubanks, $ 12,694; petitioner Marshall, $ 12,694; and petitioners Wolfe, $ 12,693. Petitioners are not expert in the Federal income tax. They employed professional tax preparers to complete their individual and VIP partnership returns during the years at issue. Petitioners testified *266 at trial that they supplied the return preparers with all the information they had regarding their returns. They could not, however, specifically state that this information included a copy of VIP's lease on the Lincoln Federal Building. Prior to the issuance of the notices of deficiency in these cases, petitioners Eubanks and Marshall agreed to the assessment of certain amounts regarding their 1982 returns; petitioner Marshall also settled an amount regarding his 1983 return. [5] In his notices of deficiency respondent disallowed petitioners' claimed investment tax credits. He also determined additions to tax against petitioners Wolfe based on the investment tax credit item, and against petitioners Marshall and Eubanks based both on the investment tax credit and the previously settled items. *267 OPINION Issue (1): Investment Tax Credit
Petitioners contend that their claimed investment tax credits arising from VIP's 1982 renovation expenditures should be upheld. Respondent disagrees, arguing that VIP did not satisfy the statutory prerequisites to qualification for the credit. Petitioners bear the burden of proof. Rule 142(a). We agree with respondent. As in effect for 1982, section 38 allowed taxpayers an investment tax credit comprised, inter alia, of the rehabilitation tax credit. Secs. 38(a), 46(a). The rehabilitation tax credit equaled a percentage of taxpayers' "qualified rehabilitation expenditures" on "qualified rehabilitated buildings." Secs. 46(a)(2)(A)(iv), 48(g). Among the rules restricting allowance of the rehabilitation tax credit was one directed at lessees: SEC. 48(g)(2). Qualified Rehabilitation Expenditure Defined. -- * * * (B) Certain Expenditures Not Included. -- The term "qualified rehabilitation expenditure" does not include -- * * * (v) Expenditures of lessee. -- Any expenditure of a lessee of a building if, on the date the rehabilitation *268 is completed, the remaining term of the lease (determined without regard to any renewal periods) is less than 15 years. [Emphasis added.] VIP's interest in the Lincoln Federal Building clearly fell within this exception: determined without regard to any renewal periods, VIP's lease was less than 15 years. As a result, VIP's 1982 expenditure was not a qualified rehabilitation *758 expenditure, and petitioners were not entitled to the rehabilitation tax credit. This issue decided, we need not address the other statutory prerequisites to the credit. We also reject petitioners' argument that VIP's investment in the Lincoln Federal Building satisfied the intent and purpose of the rehabilitation tax credit. Congress clearly stated a temporal leasehold prerequisite to a lessee's qualification for the credit. That was its intent and purpose. Accordingly, we hold for respondent on this issue. Issues (2), (3): Additions to Tax
1. Additions to Tax for Negligence
Respondent determined section 6653(a)(1) and (2) additions to each petitioner's tax with regard to their claimed rehabilitation tax credits. In addition, respondent determined a section 6653(a)(2) *269 addition to petitioners Eubanks' and Marshall's tax with regard to their previously settled underpayments for 1982, and a section 6653(a)(2) addition to petitioner Marshall's tax with regard to his previously settled underpayment for 1983. We note that respondent's determination of additions to tax based on underpayments, parts or all of which were settled prior to issuance of the notice of deficiency, is neither beyond respondent's authority, nor beyond the jurisdiction of this Court to review. See Bianchi v. Commissioner, 66 T.C. 324, 335 (1976), affd. without published opinion 553 F.2d 93 (2d Cir. 1977); Stewart v. Commissioner, 66 T.C. 54 (1976). With regard to the claimed investment tax credit, we find that petitioners neither were negligent, nor intentionally disregarded rules and regulations. They reasonably relied on the advice of professional tax preparers concerning a matter which was not self-evident. See United States v. Boyle, 469 U.S. 241, 251-252 (1985). In contrast, respondent contends that petitioners must be found negligent because they cannot prove that they provided their tax preparers a copy *270 of VIP's lease on the Lincoln Federal Building. He argues that, under existing authority, taxpayers are held liable for additions when they cannot prove that they provided their tax preparers complete information. See, e.g., Johnson v. Commissioner, 74 T.C. 89, 97 (1980), affd. 673 F.2d 262 (9th Cir. 1982); Yale Avenue Corp. v. Commissioner, 58 T.C. 1062, 1076-1077 (1972). We find the present circumstances distinguishable from this line of authority. The cases cited by respondent address situations where taxpayers neglected to inform their return preparers of information facially relevant to tax preparation: For example, in Johnson, taxpayers did not provide their return preparer copies of tax information forms they had in their possession; similarly, in Yale Avenue Corp., taxpayers did not inform their return preparer of the occurrence of an entire transaction. Such conduct is clearly negligent. In contrast, petitioners' failure to provide their return preparers copies of VIP's lease was not negligent: VIP's lease was not facially relevant to petitioners' 1982 returns. To require petitioners to have had the level of *271 expertise necessary for them to have understood the relevance of the lease to their tax returns would be tantamount to holding them to a standard of conduct in excess of the negligence standard. See Neely v. Commissioner, 85 T.C. 934, 947 (1985). Accordingly, we find that petitioners were not negligent with regard to their claimed investment tax credits. With regard to petitioners Eubanks' and Marshall's previously settled items, we uphold respondent's determination of negligence. Petitioners Eubanks and Marshall simply failed to introduce sufficient specific information about these items to carry their burdens of proof. General testimony that they provided all information to and cooperated with their return preparers, without more, does not convince us that these petitioners exercised due care concerning particular items on their returns. See Neely v. Commissioner, supra.
Section 6653(a)(2) imposes an addition to tax of 50 percent of the interest payable on the portion of an underpayment attributable to negligence. Based on our above conclusions, *272 only petitioners Eubanks and Marshall are liable for section 6653(a)(2) additions to tax, and only with regard to their previously settled items. We remind the parties that the computation of this addition to tax ended upon the earlier of the assessment or payment of the tax on the previously settled items. See sec. 6653(a)(2)(B). Section 6653(a)(1) imposes an addition to tax of 5 percent of an underpayment if any part of the underpayment is due to negligence. Since petitioners Wolfe have not been found negligent as to any part of their underpayment, they are not liable for this addition to tax. Petitioners Eubanks and Marshall were found negligent as to part of their underpayments. As a result, they are liable for the determined additions to tax under this subparagraph. This result is dictated by the plain language of section 6653(a)(1), and occurs despite the fact that petitioners Eubanks and Marshall were not negligent concerning the investment tax credits. See Commissioner v. Asphalt Products Co., 482 U.S. 117 (1987). 2. Additions to Tax for Substantial *273 Understatement
Finally, we must review respondent's determined additions to petitioners' tax under section 6661. Section 6661 imposes an addition to tax equal to 25 percent of any substantial understatement *759 of income tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1). Based on our above conclusions, petitioners' understatements are substantial. Petitioners have not shown that they satisfy any of the exceptions limiting this addition. Sec. 6661(b)(2)(B). Neither do we agree with their argument that this addition to tax should not be sustained because respondent failed to waive its imposition under section 6661(c). Respondent's discretion to waive this addition may only be reviewed for abuse of discretion. Mailman v. Commissioner, 91 T.C. 1079, 1083-1084 (1988). Notwithstanding our holding that petitioners were not negligent concerning the claimed rehabilitation tax credits, we find *274 that respondent did not abuse his discretion on this matter. His actions were neither arbitrary, capricious, nor without sound basis. See Mailman v. Commissioner, supra at 1084. Accordingly, we sustain respondent on this issue. Decisions will be entered under Rule 155.
Footnotes
1. Cases of the following petitioners were consolidated for trial, briefing, and opinion: Ernest W. Marshall, docket No. 22471-88; and Walter M. and Thelma Wolfe, docket No. 22472-88.↩
2. All statutory references are to the Internal Revenue Code, as in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
3. Certain amounts of tax and sec. 6653(a)(1) additions to tax were previously settled by petitioners Eubanks for 1982 and by petitioner Marshall for 1982 and 1983. See note 5, infra↩.
4. The seeming inconsistency of VIP's expenditure of funds to renovate the leased space in 1982 prior to its receipt of the assignment of the lease in 1983 results from the combination of the parties' stipulated facts and documentary evidence. The definitive nature of the stipulation process, as well as the possibility that the existence of the stipulations discouraged the parties from explaining this inconsistency, preclude us from questioning these facts' veracity. See Rule 91(c).↩
5. The following amounts were previously settled: Addition to Tax Petitioner(s)
Year
Amount of Tax
Sec. 6653(a)(1)
Eubanks
1982
$ 5,905
$ 295.25
Marshall
1982
2,673
133.65
Marshall
1983
2,177
108.85
The amount of tax settled by petitioners Eubanks for 1982 related to the following items: rental expense, auto expense, auto depreciation, constructive dividends, and dividend exclusion. The amount of tax settled by petitioner Marshall for 1982 related to the following items: constructive dividends, travel reimbursement, auto expense and depreciation, and dividend exclusion. The amount of tax settled by petitioner Marshall for 1983 related to travel reimbursement and auto expense and depreciation.↩