ALEXANDER AND AUDREY WEINTROB, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Weintrob v. Commissioner
Docket Nos. 16275-88, 17283-88, 18401-88, 18421-88, 18422-88, 18423-88, 18537-88, 18710-88, 18711-88, 18712-88, 18714-88, 18774-88, 18775-88, 21063-88, 31044-88, 8540-89
United States Tax Court
T.C. Memo 1991-67; 1991 Tax Ct. Memo LEXIS 86; 61 T.C.M. (CCH) 1947; T.C.M. (RIA) 91067; February 25, 1991, Filed *86 Mervin M. Wilf, for the petitioners (except in docket No. 21063-88). Drita Tonuzi, for the respondent. TANNENWALD, Judge. TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION Petitioners, other than those in docket No. 21063-88, have filed a motion for reconsideration of various aspects of our opinion (T.C. Memo 1990-513) issued on September 25, 1990. The main ground of petitioners' motion relates to our finding that the fair market value of each gravesite for the purpose of determining the amount of each petitioner's charitable contribution was $ 85. We have considered the various arguments and claimed supporting authorities set forth in petitioners' memoranda and have found nothing that was not taken into account in arriving at that value. Accordingly, this part of petitioners' motion is rejected. Petitioners assert that our finding that they were not negligent and therefore not subject to the additions to tax under section 6653(a) [2] requires the conclusion that they should not be liable for the addition to tax under section 6661. In advancing their position, petitioners overlook the fact that, in light of our determination that they were involved in a tax shelter, they *87 were subject to the dual conditions of substantial authority and reasonable belief that their tax treatment of the contribution was more likely than not the proper treatment. For the reasons stated in our prior opinion, the substantial authority condition was not satisfied. This condition clearly establishes a stricter standard than the mere absence of negligence. Antonides v. Commissioner, 91 T.C. 686, 702 (1988), affd. 893 F.2d 656 (4th Cir. 1990). We also note that we further concluded that petitioners did not meet the added requirement of section 6661(b)(2)(C)(i)(II) relating to tax shelters, which is an even more stringent standard. See secs. 1.6661-3(a)(2) and 1.6661-5(d), Income Tax Regs. Finally, we come to petitioners' assertion that respondent should have exercised his authority to waive the addition to tax given to him under section 6661(c). The failure of respondent to grant a waiver was not directly raised either at trial or on brief. Indeed, the only references in petitioners' original and reply briefs were a general disclaimer of liability for any additions to tax in a single short paragraph at the end of each such brief. *88 Moreover, there is nothing in the record to indicate that respondent was requested to exercise his waiver authority. In any event, we are satisfied that petitioners have not carried their burden of proof (Rule 142(a)) that respondent abused his discretion in not waiving the section 6661 addition to tax. Mailman v. Commissioner, 91 T.C. 1079 (1988). Petitioners' burden of proving abuse of discretion is a heavy one, cf. Casalina v. Commissioner, 60 T.C. 694, 701 (1973), affd. per curiam 511 F.2d 1162 (4th Cir. 1975), and is certainly greater than their burden of proving absence of negligence. We are not persuaded that we should modify our conclusion as to the addition to tax under section 6661. See Eubanks v. Commissioner, T.C. Memo 1990-227. Finally, *89 we come to the proper treatment of the claimed deduction for consulting fees. Petitioners assert that we should have allowed some deduction for such fees under the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In our prior opinion, we held that petitioners had failed to carry their burden of proving a basis for such allocation. Under such circumstances, the relief accorded by the Cohan rule is not available. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There is merit, however, to petitioners' assertion that they should not be liable for the increased interest under section 6621(c) with respect to that portion of the underpayment resulting from the disallowance of the deduction for consulting fees. The reason for the disallowance was lack of substantiation, not that the advice involved was rendered in respect of a valuation overstatement. Such being the case, we now conclude that section 6621(c) does not apply to, and petitioners therefore should not be liable for, the increased interest in respect of the disallowed deduction for consulting fees. Gainer v. Commissioner, 893 F.2d 225 (9th Cir. *90 1990), affg. a Memorandum Opinion of this Court; Todd v. Commissioner, 862 F.2d 540 (5th Cir. 1988), affg. 89 T.C. 912 (1987); McCrary v. Commissioner, 92 T.C. 827, 857-860 (1989). Our prior opinion is modified accordingly and, as previously specified, decisions will be entered under Rule 155. An appropriate order will be issued. Footnotes
1. Cases of the following petitioners are consolidated herewith: Edward Bernstein and Jennie Bernstein, docket No. 17283-88; Herbert Kasper and Sandra Kasper, docket No. 18401-88; John T. Wagner and Delores K. Wagner, docket No. 18421-88; Anthony A. Martino and Karen M. Martino, docket No. 18422-88; Stephan Weiss and Donna Karan, docket No. 18423-88; Russell E. Fitzgerald and Frances L. Fitzgerald, docket No. 18537-88; Gary Forman and Marsha Forman, docket No. 18710-88; Daniel Rhode and Sally Rhode, docket No. 18711-88; Edgar B. Wilson and Mary B. Wilson, docket No. 18712-88; William C. Koch and Susan H. Koch, docket No. 18714-88; Bruce M. Ginsburg and Lisa R. Ginsburg, docket No. 18774-88; Mark A. Blatt and Rita J. Blatt, docket No. 18775-88; William N. Waite and Leabelle M. Waite, docket No. 21063-88; Arthur Dickler and Ethel Dickler, docket No. 31044-88; Ellis L. Elgart and Sivia V. Elgart, docket No. 8540-89.↩
2. All statutory references are to the Internal Revenue Code as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩