IRIS DUGOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dugow v. Commissioner
Docket No. 5241-88
United States Tax Court
T.C. Memo 1993-401; 1993 Tax Ct. Memo LEXIS 411; 66 T.C.M. (CCH) 588; August 31, 1993, Filed *411 Decision will be entered under Rule 155. For petitioner: James H. Nix and Cheryl L. Johnson. For respondent: Pamela L. Cohen. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal taxes as follows: Additions to Tax and Increased Interest
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
6661(a)
6621(c)
1981
$ 27,397
$ 1,369.85
50% of the
$ 8,219.10
--  applicable
interest due
on $ 27,397
1982
28,780
1,439.00
50% of the
8,634.00
$ 2,878
applicable
interest due on $ 28,780
By amended answer, respondent claimed an increased addition to tax under section 6661(a) *412 in the amount of $ 7,195, or 25 percent of the underpayment for 1982. See Rule 142(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). The only issues remaining for decision are: (1) Whether petitioner is liable for the negligence additions to tax under section 6653(a)(1) and (2), and (2) whether petitioner is liable for the section 6661 addition to tax for 1982. Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed petitioner resided in Beverly Hills, California. Petitioner holds a bachelor of arts degree in political science and English from the University of California at Berkeley and a graduate degree in education from the University of California at Los Angeles. From 1975 to 1976 petitioner was employed as a production assistant for ABC Sports. From 1976 until 1978 petitioner was employed as an associate producer for Good Morning America. From 1978 to 1985 petitioner was a senior vice president for Home Box Office (HBO). In 1981 HBO transferred petitioner from New York to Los Angeles. After arriving *413 in Los Angeles, petitioner, in or about September 1981, engaged Barry Gordon (Gordon) as her business manager. Gordon advised petitioner to invest in Far West Drilling Associates (FWDA), a limited partnership organized to engage in oil and gas related businesses. Neither Gordon nor petitioner has any specialized knowledge of, or experience in, the area of oil and gas drilling. Petitioner subsequently acquired a .480583 percent limited partnership interest in FWDA. Before investing in FWDA petitioner neither reviewed the private placement memorandum, nor requested to see any documents pertaining to the partnership. She did not get a second opinion from an attorney or accountant. Gordon hired the certified public accounting firm of Skaff & Kucher to prepare petitioner's income tax returns. Petitioner never spoke with or met the person who prepared her returns. She claimed distributive shares of FWDA partnership losses in the amounts of $ 52,005 and $ 55,602 for the tax years 1981 and 1982, respectively. The merits of the FWDA partnership issues were decided in Webb v. Commissioner, T.C. Memo. 1990-556. In the Webb case, this Court found that *414 FWDA was a tax shelter organized to avoid Federal income tax. Petitioner and respondent entered into a stipulation of settled issues whereby petitioner agreed that: (1) She is not entitled to any losses, deductions, or credits claimed in 1981 and 1982 with respect to her interest in FWDA; (2) she is liable for increased interest under section 6621(c); and (3) she is not liable for additions to tax under section 6659. Petitioner, however, maintains she is not liable for the section 6653(a)(1) and (2) additions to tax in 1981 and 1982 and the section 6661(a) addition to tax for 1982. Petitioner bears the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 6653(a)(1) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of any underpayment of tax which is attributable to negligence. Negligence as used in section 6653(a) is defined as the lack of due *415 care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Under certain circumstances good faith reliance by a taxpayer on the advice of a competent adviser can be a defense to the additions to tax for negligence. See, e.g., Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd., without published opinion 940 F.2d 1534 (9th Cir. 1991). Petitioner contends that she is not liable for the negligence additions to tax because she relied in good faith upon the advice of Gordon in investing in FWDA and thus exercised reasonable care. Reliance upon professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered. Freytag v. Commissioner, 89 T.C. 849, 888-889 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S.    , 111 S. Ct. 2631 (1991). It must first be established that such reliance was reasonable. United States v. Boyle, 469 U.S. 241, 250 (1985). *416 In this case it has not been shown that it was reasonable or prudent for petitioner to rely upon Gordon's advice or upon the advice of Skaff & Kucher. There is no evidence that Gordon had any knowledge or expertise in the area of oil and gas drilling. Yet petitioner, who also lacked any knowledge or expertise regarding oil and gas drilling, relied entirely upon Gordon's assurances that FWDA was a "fabulous investment that was good for the long term", that he knew the people involved, and that he was investing his own money in the partnership. Nor is there anything in the record indicating that Skaff & Kucher, the return preparers, had first hand knowledge of FWDA. In preparing petitioner's 1981 and 1982 returns, Skaff & Kucher relied solely on the statements of promoters reflected on Schedule K-1 forms prepared by the partnership accountants, Laventhol & Horwath, as to the petitioner's distributive share of the partnership losses for 1981 and 1982 and as to the tax treatment of petitioner's investment in the partnership. We have rejected pleas of reliance when neither the taxpayer nor the "expert" relied upon by the taxpayer knew anything about the business, Freytag v. Commissioner, supra; *417 Beck v. Commissioner, 85 T.C. 557 (1985); Flowers v. Commissioner, 80 T.C. 914 (1983); Rogers v. Commissioner, T.C. Memo. 1990-619, and we fail to discern any reason for not doing so in this case. We have considered the case of Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), revg. T.C. Memo. 1988-408, cited by petitioner. In Heasley, the Court of Appeals held that the taxpayers, who were unsophisticated investors with limited prior investment experience and with no formal education beyond high school, were not liable for the sec. 6653(a) additions to tax. The Court reasoned that due care does not require moderate income investors to independently investigate their investments. The facts in the Heasley case are readily distinguishable. Here petitioner was a college graduate and a knowledgeable executive in the television industry. Unlike the taxpayers in the Heasley case, petitioner made no meaningful effort to monitor her investment, she did not independently review the offering prospectus, and she did not *418 establish that she intended to profit from her investment in FWDA. In short, petitioner's approach to her investment was markedly casual, with no apparent effort to gain some comprehension of its merits. We conclude that petitioner's reliance on Gordon, as well as her reliance on the return preparers, was not reasonable and prudent. On this record, we find that petitioner was negligent in deducting amounts related to her investment in FWDA. Therefore, respondent is sustained on this issue. Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of income tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). In general, if a taxpayer has substantial authority for the tax treatment of the item in question, or has adequately disclosed the tax treatment of the item on the return, then the taxpayer may escape liability for the addition to tax with respect to that item. Sec. 6661(b)(2)(B). However, if the item in question is attributable *419 to a tax shelter the disclosure exception will not apply, section 6661(b)(2)(C)(i)(I), and the substantial authority exception will apply only if there was substantial authority for the treatment of the item on the return and the taxpayer reasonably believed that the treatment of the item was more likely than not the proper tax treatment. Sec. 6661(b)(2)(C)(i)(II); sec. 1.6661-5, Income Tax Regs.
Petitioner agrees on brief that a substantial understatement of tax exists in this case in view of the conceded FWDA adjustments for 1982. However, she argues that the ameliorating provisions of section 6661(c) are applicable here. Section 6661(c) provides that the Secretary may waive all or part of the addition to tax under section 6661 on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith. The authority to waive the section 6661 addition rests with respondent, not with this Court. Sec. 6661(c); sec. 1.6661-6(a), Income Tax Regs. Respondent's denial of a waiver is reviewable by this Court on an abuse of discretion basis. Mailman v. Commissioner, 91 T.C. 1079, 1083-1084 (1988). *420 Petitioner asserts that she is not liable for the section 6661(a) addition to tax because she reasonably, and in good faith, relied upon Gordon and the accountant hired by Gordon in claiming the disallowed deductions. Respondent has not abused her discretion in failing to waive the section 6661(a) addition where, as here, petitioner has not requested such a waiver. Klieger v. Commissioner, T.C. Memo. 1992-734; Magnus v. Commissioner, T.C. Memo. 1990-596; Lapin v. Commissioner, T.C. Memo. 1990-343, affd. without opinion 956 F.2d 1167 (9th Cir. 1992). Accordingly, respondent is sustained as to the section 6661(a) addition to tax. Decision will be entered under Rule 155.