GEORGE B. MERRICK AND ELEANOR M. MERRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Merrick v. Commissioner
Docket Nos. 22220-86, 9683-89
United States Tax Court
T.C. Memo 1993-445; 1993 Tax Ct. Memo LEXIS 456; 66 T.C.M. (CCH) 831; September 27, 1993, Filed *456 Decisions will be entered under Rule 155. For petitioners at docket No. 22220-86: Christopher M. Laquer and Alan P. Fraade. For petitioners at docket No. 9683-89: Christopher M. Laquer, Alan P. Fraade, and Barry C. Feldman. For respondent: Lawrence L. Davidow. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: These consolidated cases were assigned for trial or other disposition to Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined the following deficiencies and additions to tax: Additions to tax Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
1981
$  55,164
$ 2,758.00
50% of the
$ 16,549
interest due
on $ 55,164
1982
117,789
5,889.45
50% of the
-- interest due
on $ 117,789
Respondent also determined that *457 petitioners are liable for increased interest pursuant to section 6621(c) for both years Respondent has conceded the addition to tax under section 6659 for the taxable year 1981. By amended answer, respondent asserted an addition to tax for 1982 under the provisions of section 6661(a) attributable to substantial understatement of tax. The parties have reached a basis of settlement with respect to the deficiencies and the liability for increased interest pursuant to section 6621(c) for the taxable years involved. The issues remaining for decision are: (1) Whether petitioners are liable for the section 6653(a)(1) and (2) additions to tax for negligence for the years 1981 and 1982, and (2) whether petitioners are liable for the section 6661(a) addition to tax for the substantial understatement of tax for the 1982 tax year. Some of the facts have been stipulated, and they are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. At the time the petitions herein were filed, petitioners were residents of Manhattan Beach, California. George B. Merrick (petitioner) holds a degree in aeronautical engineering from the University of Minnesota. *458 He was employed by Rockwell International from 1949 to April 1991. When he retired in 1991, petitioner was a member of the staff for research and development of aerospace technology for the chief operating officer of Rockwell International. In 1981, he was a member of the research and engineering staff reporting to the president of aerospace operations on, inter alia, corporate investments, business strategies, and acquisitions. His duties included the review of research and development projects undertaken by Rockwell International. In October 1981, petitioner received a copy of a private offering memorandum from his investment adviser, Allen Klosowski, regarding Far West Drilling Associates (FWDA), a limited partnership organized to engage in oil and gas related businesses, including a sublicense for a new well drilling device (the so-called Terra-Drill). On the basis of the offering memorandum and Mr. Klosowski's advice, petitioners purchased two units of FWDA late in 1981. Petitioner holds no degrees or certificates in the fields of petroleum engineering, drilling technology, or geology. He has never been directly employed in the fields of petroleum engineering, oil and *459 gas well-drilling technology, or geology. Although petitioner read the offering memorandum, he never conducted any kind of independent investigation into the technological or economic feasibility of the Terra-Drill concept or into the projected oil and gas reserves at the prospective drilling sites. Petitioners' 1981 and 1982 Federal income tax returns were prepared by Larry Swartwood of Coopers & Lybrand. In Webb v. Commissioner, T.C. Memo. 1990-556, this Court held that FWDA was a partnership not engaged in with an honest objective of making a profit within the meaning of section 183 and lacked economic substance. The Court found that FWDA was a tax shelter organized to avoid income tax. Although petitioner has conceded the deficiency and section 6621(c) increased interest as determined by respondent for the 1981 and 1982 tax years, petitioner maintains that he is not liable for the section 6653(a) negligence additions to tax or the section 6661(a) addition to tax. Section 6653(a)(1) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be added to the tax an *460 amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of the underpayment of tax attributable to negligence. Negligence as used in section 6653(a) is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that respondent's negligence determinations are erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioner contends that he is not liable for the negligence additions to tax because he relied upon the opinions contained in the offering memorandum and upon the advice of Mr. Klosowski and Mr. Swartwood. Under certain circumstances, reliance by a taxpayer on the advice of a competent adviser can be a defense to the additions to tax for negligence. Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991). *461 However, the reliance must be reasonable, in good faith, and based upon full disclosure. Ewing v. Commissioner, supra; Pritchett v. Commissioner, 63 T.C. 149, 174-175 (1974). Furthermore, "Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered". Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S.    , 111 S. Ct. 2631 (1991). Here petitioner was required to use reasonable care in reporting his deductions or risk being liable for the additions to tax under section 6653(a). Those obligations cannot be delegated, but a taxpayer may satisfy them through reasonable and prudent actions. See Rogers v. Commissioner, T.C. Memo. 1990-619. In the instant cases, however, it has not been shown that it was reasonable or prudent for petitioner to rely upon the opinions in the offering memorandum or the opinions of Mr. Klosowski or Mr. Swartwood. There is no evidence that the authors of *462 the opinions in the offering memorandum had any first hand knowledge of FWDA. We have also considered the opinion letters prepared by the accounting firm accompanying the audited FWDA financial statements for 1981 and 1982. Such materials do not purport to analyze the various oil and gas drilling related programs of FWDA (including the development and exploration programs and the Terra-Drill sublicense program). Nor does it appear that Mr. Swartwood had any first hand knowledge of the limited partnership. Indeed, petitioner testified that he gave a copy of the offering memorandum to Mr. Swartwood only after investing in FWDA. Petitioner also stated that as far as he knew Mr. Klosowski had no expertise in the area of oil and gas drilling. The record also indicates that Mr. Klosowski lacked any first hand knowledge of FWDA. Nor does it appear that petitioner had any significant knowledge or expertise in the area of oil and gas drilling. While employed by Rockwell International and prior to his investment in FWDA, petitioner was involved in the development of a down-hole steam generator to be used in the oil industry. However, petitioner's involvement consisted of reviewing *463 oral and written reports and advising the president of North American Space Operations with respect to the project. He was not involved in the designing or testing of the project. Petitioner's limited exposure to the generator project did not make him knowledgeable about the oil and gas business. We have rejected pleas of reliance when neither the taxpayer nor the "experts" relied upon by the taxpayer knew anything about the business. Freytag v. Commissioner, supra; Flowers v. Commissioner, 80 T.C. 914 (1983); Rogers v. Commissioner, supra.And, we fail to find any reason for not doing so in these cases. We have considered the cases cited by petitioner. In United States v. Boyle, 469 U.S. 241 (1985), the Supreme Court stated that it is reasonable in certain circumstances for a taxpayer to rely upon the advice of an attorney or accountant. However, as noted earlier, that reliance must be reasonable, in good faith, and based upon full disclosure, conditions which petitioner has not met in the instant cases. We have also considered Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), *464 revg. T.C. Memo. 1988-408, cited by petitioner. The Heasley case is readily distinguishable from the instant cases. Here petitioner was a knowledgeable individual with a background at the executive level with Rockwell International. He was not unsophisticated. Moreover, unlike the taxpayer in the Heasley case, there is little indication that petitioner made any meaningful effort to monitor his investment. Nor did petitioner satisfactorily establish that he intended to profit from his investment in FWDA. Based upon the record presented, we conclude that petitioner's reliance upon the various opinions expressed in the offering memorandum and the opinions of Mr. Klosowski and Mr. Swartwood was not reasonable, prudent, in good faith, or based upon full disclosure. Respondent is therefore sustained with respect to the negligence-related additions to tax under section 6653(a)(1) and (2). Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement *465 is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). In general, if a taxpayer had substantial authority for his tax treatment of the item in question, or if the taxpayer adequately disclosed the tax treatment of the item on his return, then the taxpayer may escape liability for the addition to tax with respect to that item. Sec. 6661(b)(2)(B). However, if the item in question is attributable to a tax shelter the disclosure exception will not apply, sec. 6661(b)(2)(C)(i)(I), and the substantial authority exception will apply only if there was substantial authority for the treatment of the item on the return and the taxpayer reasonably believed that his treatment of the item was more likely than not the proper tax treatment. Sec. 6661(b)(2)(C)(i)(II); sec. 1.6661-5, Income Tax Regs. The issue of the section 6661 addition to tax was raised in respondent's amended answer, and respondent therefore has the burden of proof. See Rule 142(a). It is clear from the record that a substantial understatement of tax exists. We have previously held that FWDA was a tax shelter. Webb v. Commissioner, supra. *466 Based upon the record herein presented, we hold that respondent has met her burden of proving both that no substantial authority exists for the tax treatment of items related to FWDA and that petitioners did not reasonably believe their treatment of those items was more likely than not correct. Consequently, petitioners are liable for the section 6661(a) addition to tax unless some or all of the addition to tax should have been waived by respondent. See Mailman v. Commissioner, 91 T.C. 1079, 1081 (1988). Section 6661(c) provides that the Secretary may waive all or part of the addition to tax under section 6661 on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith. The authority to waive the section 6661(a) addition therefore rests with respondent, not with this Court. Sec. 6661(c); sec. 1.6661-6(a), Income Tax Regs. The denial of a waiver by respondent is reviewable by this Court on an abuse of discretion basis. Mailman v. Commissioner, id. at 1083-1084. We have previously concluded that petitioner's reliance on the professional *467 opinions contained in the offering memorandum and the statements from a recognized certified public accounting firm were neither reasonable nor in good faith. Based on our consideration of this record, we hold that there was no reasonable cause for the understatement of tax. Accordingly, respondent did not abuse her discretion by failing to waive the section 6661(a) addition to tax. Respondent is therefore sustained as to the section 6661(a) addition to tax. Decisions will be entered under Rule 155.