WILLIAM AND LOUISE STEERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steerman v. Commissioner
Docket No. 30842-88
United States Tax Court
T.C. Memo 1993-447; 1993 Tax Ct. Memo LEXIS 464; 66 T.C.M. (CCH) 842; September 28, 1993, Filed *464 Decision will be entered for respondent. For petitioners: John W. Schmehl. For respondent: Alan S. Kline. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for the year 1982 in the amount of $ 28,790 and determined that petitioners are liable for the increased interest under section 6621(c). Respondent, in the answer filed January 30, 1989, asserted the following additions to tax: (1) An addition to tax under section 6653(a)(1) in the amount of $ 1,439.50; (2) an addition to tax under section 6653(a)(2) of 50 percent of the interest attributable to the entire deficiency; and (3) an addition to tax under section 6661(a) of 25 percent of the underpayment of tax, or $ 7,197.50. By stipulation of settled issues, petitioners conceded the deficiency in tax for the year 1982 and the liability for increased interest under section 6621(c). The *465 issues remaining for decision are: (1) Whether petitioners are liable for the negligence-related additions to tax under section 6653(a)(1) and (2), and (2) whether petitioners are liable for the section 6661(a) addition to tax in the amount of $ 7,197.50. Respondent has the burden of proof with respect to these issues. Rule 142(a). Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Gladwynne, Pennsylvania. William Steerman (hereafter petitioner) is a 1958 graduate of Temple University School of Law and is licensed to practice law in the Commonwealth of Pennsylvania. Petitioner's sole area of focus has been in plaintiff personal injury litigation. In December 1980, an investment was made in petitioner-wife's name in Great Salt Lake Drilling Associates (GSLDA), a limited partnership. GSLDA was purportedly formed to engage in oil and gas related programs, including the acquisition of a sublicense for a new drilling device under development (the so-called Terra-Drill). In Webb v. Commissioner, T.C. Memo. 1990-556, *466 this Court held that GSLDA was a partnership not engaged in with an honest objective of making a profit within the meaning of section 183 and lacked economic substance. The Court also found in the Webb case that GSLDA was a tax shelter organized to avoid income tax. As indicated above, petitioners have conceded the deficiency for 1982 as well as the liability for increased interest pursuant to section 6621(c). Petitioners, however, contest the negligence-related additions to tax under section 6653(a)(1) and (2) and the addition to tax under section 6661(a). Section 6653(a)(1) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of any underpayment of tax which is attributable to negligence. Negligence as used in section 6653(a) is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). *467 Under certain circumstances reliance by a taxpayer on the advice of a competent adviser can be a defense to the additions to tax for negligence. E.g., Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991). Petitioner read the offering material before the investment was made in GSLDA. Petitioner, however, possesses no specialized knowledge, degrees, or certificates in the fields of petroleum engineering, drilling technology or geology. Petitioner has no practical experience in, has never been employed in, and has never engaged in any business activity relating to the fields of petroleum engineering, oil and gas well drilling technology, or geology. Petitioner argues that his reliance on the advice of Alvin Kolchins (Kolchins), an investment adviser, and his accountant, Norman Cohen (Cohen), insulates him from the negligence-related additions to tax. Petitioner relies on United States v. Boyle, 469 U.S. 241 (1985) and Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), to support his argument. In *468 Boyle the Supreme Court expressed the principle that "When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." United States v. Boyle, supra at 251. Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S.    , 111 S.Ct. 2631 (1991). In order for reliance on professional advice to excuse a taxpayer from the negligence additions to tax, the reliance must be reasonable, in good faith, and based upon full disclosure. Ewing v. Commissioner, supra; Pritchett v. Commissioner, 63 T.C. 149, 174-175 (1974). Petitioner learned of GSLDA from Kolchins, an investment adviser, and he apparently relied extensively on the assurances of Kolchins in investing in GSLDA in 1980. Kolchins, however, possessed no special qualifications *469 or professional skills in the oil and gas area. In 1980, Kolchins was an insurance agent who was also licensed to sell private placement products. Kolchins has no training or expertise in the area of drilling technology or in the oil and gas field. Kolchins did not hire anyone to evaluate either the developmental or exploratory properties on his behalf or on behalf of his clients. In evaluating GSLDA Kolchins relied on the offering material and on discussions with principals of the partnership. Petitioner also relied upon the advice of his accountant, Cohen, in investing in GSLDA and in claiming the disallowed losses, deductions, and credits. Although Cohen, who was provided by petitioner with the GSLDA offering memorandum, indicated that the proposed programs were valid and constituted a legitimate economic venture, petitioner does not seriously contend that Cohen possessed any first hand knowledge of GSLDA or the requisite expertise in oil and gas related ventures to permit an evaluation of the merits of the GSLDA programs. We have rejected pleas of reliance when neither the taxpayer nor the advisers purportedly relied upon by the taxpayer knew anything about the contemplated *470 venture. Beck v. Commissioner, 85 T.C. 557 (1985); Flowers v. Commissioner, 80 T.C. 914 (1983); Rogers v. Commissioner, T.C. Memo. 1990-619. Petitioner also argues that he properly relied upon the fact that a well-known accounting firm was retained by the promoters of the GSLDA program to conduct periodic audits of the limited partnership. Petitioner's reliance was not justified. The accounting firm in question did not purport to have any first hand knowledge of the programs undertaken by GSLDA sufficient to support any in-depth appraisal of the economic validity of the programs contemplated in the GSLDA offering memorandum. Petitioner conducted no outside investigation to determine whether the facts upon which the audits were based were, in fact, viable from an economic point of view. In short, we do not believe that petitioner's reliance on purported professional advice was reasonable, in good faith, and based on full disclosure. Petitioner indicates that he was particularly intrigued by the Terra-Drill device. However, it readily appears from his testimony that he was under the *471 impression that the Terra-Drill was operational when the investment was made in GSLDA in 1980. He was not too familiar with the licensing and sublicensing arrangements entered into for the use of the device. Nor did he make any effort to determine the reasonableness of the obligation purportedly incurred by GSLDA (some $ 42,000,000) under the sublicense it obtained from the licensor. We believe that a meaningful consideration of the materials contained in the offering memorandum would have alerted a prudent and reasonable investor of the questionable nature of the promised deductions. See Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. T.C. Memo. 1987-217. Petitioner's reliance on Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), revg. T.C. Memo. 1988-408, is misplaced. The facts in Heasley are distinctly different from the facts of this case. In Heasley, the taxpayers were not educated beyond high school and had limited investment experience, while in the instant case petitioner was an attorney with previous investment experience. *472 In Heasley, the taxpayers relied on the advice of an independent accountant who apparently did not receive a commission from the sale of the tax shelter they invested in. Here, petitioner relied largely on information presented by the promoters in the offering memorandum and on the representations of Kolchins, who received commissions from sales in the tax shelters here involved. Finally, the taxpayers in Heasley actively monitored their investment and, as the Fifth Circuit stated, intended to profit from the investment. We cannot reach similar conclusions in the instant case. We have also considered the remaining cases cited by petitioner and find them distinguishable. We hold, upon consideration of the entire record, that petitioners are liable for the negligence-related additions to tax under the provisions of section 6653(a)(1) and (2). Respondent is sustained. Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of *473 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). In general, if a taxpayer had substantial authority for his tax treatment of the item in question, or if the taxpayer adequately disclosed the tax treatment of the item on his return, then the taxpayer may escape liability for the addition to tax with respect to that item. Sec. 6661(b)(2)(B). However, if the item in question is attributable to a tax shelter the disclosure exception will not apply, section 6661(b)(2)(C)(i)(I), and the substantial authority exception will apply only if there was substantial authority for the treatment of the item on the return and the taxpayer reasonably believed that his treatment of the item was more likely than not the proper tax treatment. Sec. 6661(b)(2)(C)(i)(II); sec. 1.6661-5, Income Tax Regs.
It is clear from the record that a substantial underpayment of tax exists. We have previously held that GSLDA was a tax shelter. Webb v. Commissioner, supra.Based on the record in this case, we find that no substantial authority exists for the tax treatment of items related to GSLDA and that petitioners did not reasonably believe that the treatment *474 of those items was more likely than not correct. Consequently, petitioners are liable for the section 6661(a) addition to tax unless some or all of the addition to tax should have been waived by respondent. Mailman v. Commissioner, 91 T.C. 1079, 1081 (1988). Section 6661(c) provides that the Secretary may waive all or part of the addition to tax under section 6661 on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith. The authority to waive the section 6661(a) addition therefore rests with respondent, not with this Court. Sec. 6661(c); sec. 1.6661-6(a), Income Tax Regs. The denial of a waiver by respondent is reviewable by this Court on an abuse of discretion basis. Mailman v. Commissioner, supra.Petitioner argues, essentially, that he is not liable for the section 6661(a) addition to tax because he relied upon Cohen, Kolchins, and the tax opinion in the prospectus in claiming the disallowed losses, deductions, and credits. We have previously concluded that such reliance was neither reasonable nor in good faith. Based *475 on our consideration of this record, we find that there was no reasonable cause for the understatement of tax. Accordingly, respondent did not abuse her discretion in failing to waive the section 6661(a) addition to tax. Respondent is therefore sustained as to the section 6661(a) addition to tax. Decision will be entered for respondent.