T.C. Summary Opinion 2005-162

UNITED STATES TAX COURT

DANIEL CHARLES McDERMOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19830-04S.            Filed November 8, 2005.

Daniel Charles McDermott, pro se.

<u>Michael W. Lloyd</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code as in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's filing of a Notice of Federal Tax Lien for his 1991, 1992, 1993, and 1994 tax liabilities. The issue for decision is whether respondent abused his discretion by filing the notice of Federal tax lien as a method of collecting petitioner's tax liabilities.

## Background

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Colorado.

Petitioner failed to file tax returns for any of the years 1991 through 1994. Petitioner's Federal income tax returns were examined by respondent beginning in February of 1995. As part of the audit, petitioner appeared at the office of the Internal Revenue Service (IRS). Respondent proposed a determination that petitioner, despite earning substantial income, failed to file Federal income tax returns for all the years under examination. When asked, petitioner admitted to not filing tax returns but objected to the proposed deficiency, asserting that respondent's proposed action was unconstitutional.

Petitioner advised the examining agent of his then current address, stating that he was "staying with friends". A statutory notice of deficiency was mailed by certified mail and a duplicate notice was sent by regular mail to petitioner.[1] The duplicate notice was returned with the envelope marked "insufficient address". The certified mailing of the notice of deficiency was not returned.

## Discussion

Section 6320 entitles a taxpayer to notice of his right to request a hearing with the IRS Office of Appeals after a notice of lien is filed by the Commissioner in furtherance of the collection of unpaid Federal taxes. The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b) and (c), 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute

---

[1]The record does not reveal why or to what address the duplicate notice of deficiency was sent. But respondent represents in his trial memorandum that the duplicate notice was sent to an alternate address thought to be an additional address of petitioner.

such tax liability." Sec. 6330(c)(2)(B).

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

Questions about the appropriateness of the collection action include whether it is proper for the Commissioner to proceed with the collection action as determined in the notice of determination, and whether the type and/or method of collection chosen by the Commissioner is appropriate. See, e.g., Swanson v. Commissioner, 121 T.C. 111, 119 (2003) (challenge to appropriateness of collection reviewed for abuse of discretion).

In order for petitioner to prevail under the abuse of discretion standard, it is not enough for the Court to conclude that the Court would not have authorized collection; the Court must conclude that, in authorizing collection, the Appeals officer has exercised discretion arbitrarily, capriciously, or without sound basis in fact. Estate of Jung v. Commissioner, 101 T.C. 412, 449 (1993); accord Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

The sum total of petitioner's evidence is his testimony at trial that "Well, my case is simply that I don't owe the IRS money."

The Court finds petitioner's "evidence" to be insufficient to cast doubt on either the validity and amount of the underlying tax liability, or the appropriateness of the collection action.

The Court finds that respondent did not abuse his discretion in issuing his determination in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.