LEO GOLDMAN AND PAULINE GOLDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldman v. Commissioner
Docket No. 27031-88
United States Tax Court
T.C. Memo 1993-480; 1993 Tax Ct. Memo LEXIS 493; 66 T.C.M. (CCH) 1060; T.C.M. (RIA) 93480; October 19, 1993, Filed *493 Decision will be entered for petitioners with respect to the section 6659 issue and for respondent with respect to the remaining issues. For petitioners: Norman Nadel. For respondent: Sharon Katz-Pearlman and Pamela L. Cohen. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned for trial or other disposition to Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined the following deficiency and additions to tax: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
6661
1982
$ 34,581
$ 1,729.05
50% of the
$ 9,957.60
$ 8,645.25
interest
due on
$ 33,192
Respondent also determined that petitioners are liable for increased interest under section 6621(c) on *494 $ 33,192. In the answer respondent conceded the addition to tax under section 6659. The issues for decision therefore are: (1) Whether a settlement agreement with respect to the deficiency and increased interest under section 6621(c) was entered into between the parties with respect to the 1982 tax year; (2) whether petitioners are liable for the section 6653(a)(1) and (2) negligence additions to tax; and (3) whether petitioners are liable for the section 6661(a) addition to tax. Some of the facts have been stipulated and they are so found. At the time the petition was filed petitioners resided in New Hyde Park, New York. In December 1981, Leo Goldman purchased one and a half limited partnership units in Mid-Continental Drilling Associates II (MCDA-II). Petitioners made installment payments to the partnership of $ 15,000 in each of the years 1981 and 1982. The deficiency for 1982 results from the disallowance by respondentof a claimed deduction of $ 64,451 for petitioners' distributive share of partnership losses for 1982. Petitioners' tax return for the prior year 1981 was examined by respondent and subsequently, by letter dated August 6, 1987, respondent made a settlement *495 offer with respect to the MCDA-II investment which was not accepted by petitioners. The settlement offer outlined by respondent in the August 6, 1987, letter was withdrawn by respondent as of July 8, 1988. On July 18, 1988, respondent mailed a notice of deficiency to petitioners for the taxable year 1982. On or about August 11, 1988, petitioners' 1981 tax year was assigned to appeals officer Seymour Margolis. On or about November 2, 1988, Margolis sent to petitioners a settlement proposal with respect to petitioners' interest in MCDA-II, and on December 1, 1988, Margolis received an acceptance from petitioners of the settlement offer. On or about July 1989 Margolis sent a Form 870-AD and an audit statement to petitioners reflecting a deficiency in income tax and a section 6621(c) addition to tax for the taxable year 1981. On September 7, 1989, Margolis received a signed Form 870-AD from petitioners reflecting the proposed 1981 adjustments. On September 27, 1989, Vincent Simone, an Associate Chief with the Long Island Appeals Office, sent a letter to petitioners stating that their case with respect to the taxable year 1981 was closed on the basis agreed upon. Petitioners argue *496 that the settlement agreement reflected in the Form 870-AD executed by the parties as described above somehow encompasses the year 1982 as well as 1981. Petitioners' argument is not supported by this record. The Form 870-AD executed by the parties was explicitly confined to the taxable year 1981 and accurately reflected the settlement proposal made by Margolis and accepted by petitioners. Petitioners' 1981 tax year was the only year assigned to the appeals officer Margolis in August 1988, and we are satisfied on this record that Margolis had no authority to deal with petitioners' 1982 tax year. In fact, respondent had just issued (in July 1988) a notice of deficiency to petitioners for the 1982 tax year. No closing agreement (Form 906) was ever entered into by the parties resolving the MCDA-II issues over a span of years. The Form 870-AD executed by the parties for the tax year 1981 was merely a waiver of the statutory assessment restrictions; it did not constitute a binding closing agreement covering other years under section 7121. See Consolidated Freightways, Inc. v. United States, 223 Ct. Cl. 443, 620 F.2d 862, 868 (1980); Maloney v. Commissioner, T.C. Memo. 1986-91. *497 We have considered the cases relied upon by petitioners and find them inapt. On this record, we find that no binding settlement agreement was entered into for the 1982 tax year. Petitioners make no further argument contesting respondent's determination with respect to the MCDA-II partnership loss issue and the section 6621(c) determination for the 1982 taxable year. Respondent is therefore sustained with respect to said issues. Section 6653(a)(1) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of the underpayment of tax attributable to negligence. Negligence as usaed in section 6653(a) is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of proving that respondent's negligence determinations are erroneous. Rule *498 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners argue that they are not liable for the negligence additions to tax because they relied upon their accountant, Burr, in deciding to invest in MCDA-II. Under certain circumstances reliance by a taxpayer on the advice of a competent adviser can be a defense to the additions to tax for negligence. E.g., Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988) affd. without published opinion 940 F.2d 1534 (9th Cir. 1991). Reliance on professional advice, standing alone, however, is not an absolute defense to negligence, but rather a factor to be considered. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S.    , 111 S. Ct. 2631 (1991). It must first be established that such reliance was reasonable. United States v. Boyle, 469 U.S. 241, 250 (1985). In the instant case petitioners have not shown that their reliance upon Burr was reasonable. Petitioners learned about *499 the MCDA-II partnership from Burr. Petitioner-husband testified that Burr told him that he knew "the intimacies and details of the venture" and "was experienced in this type of investment". Petitioner-husband, however, never ascertained whether Burr's statements were true. In fact, Burr testified that he knew nothing about drilling technology or the oil and gas business and that the only portion of the offering memorandum he really understood was the portion on tax consequences. Burr was clearly not in a position to advise petitioners on the merits of investing in the partnership. Similarly, petitioner-husband lacked any expertise in the area of drilling technology or the oil and gas field. It is stipulated that petitioner-husband acquired 1,000 shares of Clinton Oil Company stock in 1971 which he sold in 1981 realizing a profit of $ 16,044. We are not persuaded that petitioner-husband's prior purchase of 1,000 shares of Clinton Oil Company in 1971, which he sold at a profit some 10 years later in 1981, and his alleged ability to read a geological map qualified him as knowledgeable in the oil and gas business and competent to evaluate the merits of investing in MCDA-II which *500 encompassed a purported oil exploration program, a development program and a marketing program for a well-drilling device. We have rejected pleas of reliance when neither the taxpayer nor the "experts" relied upon by the taxpayer knew anything about the business in which the taxpayer invested. Freytag v. Commissioner, supra; Flowers v. Commissioner, 80 T.C. 914 (1983); Rogers v. Commissioner, T.C. Memo. 1990-619. We reject petitioners' plea as well. The record also indicates that neither Burr nor petitioners had any first hand knowledge of MCDA-II. They made no inquiries of their own regarding the partnership, but instead relied upon the statements contained in the offering memorandum. Moreover, Burr received a commission for each unit of MCDA-II he helped to sell. Petitioners claim that they were unaware of this fact. The subscription agreement, however, clearly identifies Burr as an MCDA-II dealer. Under these circumstances, we find that petitioners' reliance on Burr was not reasonable. Nor do we believe that petitioners' reliance on the qualified representations of a recognized *501 certified public accounting firm with respect to the MCDA-II operations was reasonable. Petitioners also presented evidence of a jury verdict in a fraud case brought by investors in MCDA-II against the accounting firm which prepared MCDA-II's financial statements and Forms K-1. The case was tried in the United States District Court, Southern District of Texas, Houston Division. Petitioners contend that the jury's finding of fraud against the accounting firm in the District Court negates a finding of negligence on their part. In essence, petitioners request that we take judicial notice of the findings of fact upon which the jury based their verdict. We may take judicial notice of the jury award pursuant to rule 201 of the Federal Rules of Evidence, but we cannot take judicial notice of the specific findings of fact on which the verdict is based. Rule 201(b) of the Federal Rules of Evidence requires that before a fact can be judicially noticed, it must be either (1) generally known within the community or (2) capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Estate of Reis v. Commissioner, 87 T.C. 1016, 1026 (1986); *502 Petzoldt v. Commissioner, 92 T.C. 661, 674-676 (1989). The findings of fact on which the jury's verdict is based do not satisfy the two tests of rule 201(b) of the Federal Rules of Evidence.They are not generally known to the public, nor are they so indisputable that their accuracy cannot reasonably be questioned. The mere fact that a jury in one case makes findings of fact is not a basis for another court to take judicial notice of those findings and deem them indisputably established for purposes of the pending litigation. Estate of Reis v. Commissioner, supra at 1028. We hold, on the basis of this record, that petitioners are liable for the negligence-related additions to tax under section 6653(a)(1) and (2) for the year 1982. Respondent is sustained. Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). *503 In general, if a taxpayer had substantial authority for his tax treatment of the item in question, or if the taxpayer adequately disclosed the tax treatment of the item on his return, then the taxpayer may escape liability for the addition to tax with respect to that item. Sec. 6661(b)(2)(B). However, if the item in question is attributable to a tax shelter the disclosure exception will not apply, section 6661(b)(2)(C)(i)(I), and the substantial authority exception will apply only if there was substantial authority for the treatment of the item on the return and the taxpayer reasonably believed that his treatment of the item was more likely than not the proper tax treatment. Sec. 6661(b)(2)(C)(i)(II); sec. 1.6661-5, Income Tax Regs.
It is clear from this record that a substantial understatement of tax exists. Moreover, this Court held in Webb v. Commissioner, T.C. Memo. 1990-556, that MCDA-II was a partnership not engaged in with an honest objective of making a profit within the meaning of section 183, and further held that MCDA-II was a tax shelter organized to avoid Federal income tax. Based upon the record herein presented, we conclude that *504 no substantial authority exists for the tax treatment of items related to MCDA-II and that petitioners did not reasonably believe that the treatment of those items was more likely than not correct. Consequently, petitioners are liable for the section 6661(a) addition to tax unless some or all of the addition to tax should have been waived by respondent. Mailman v. Commissioner, 91 T.C. 1079, 1081 (1988). Section 6661(c) provides that the Secretary may waive all or part of the addition to tax under section 6661 on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith. The authority to waive the section 6661 addition therefore rests with respondent, not with this Court. Sec. 6661(c); sec. 1.6661-6(a), Income Tax Regs. The denial of a waiver by respondent is reviewable by this Court on an abuse of discretion basis. Mailman v. Commissioner, supra at 1083-1084. Petitioners do not contend that respondent abused her discretion in failing to grant him a waiver. In any event, it does not appear that reasonable cause and good faith *505 exist in the present case. Instead, petitioners argue that because the section 6661(a) addition to tax is not mentioned on the first page of the notice of deficiency respondent has failed to make a determination with respect to section 6661(a) and that we therefore lack jurisdiction to rule on its applicability. A notice of deficiency includes the cover page and all attached pages and documents. Smith v. Commissioner, T.C. Memo. 1979-16. The notice of deficiency in this case clearly advises petitioners that a section 6661(a) addition to tax has been asserted. It is irrelevant that the applicability of section 6661(a) is not explained until the last page of the notice. Petitioners also contend that the "conditional manner" in which the section 6661(a) addition to tax was asserted in the notice of deficiency is somehow flawed. We do not agree. Respondent determined section 6659 and 6661 additions to tax in the alternative. Respondent may take alternative positions with certain exceptions not herein relevant. Rule 31(c); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 717 (1990). Respondent conceded the section *506 6659 addition to tax, leaving only the section 6661(a) addition to tax for our consideration. We reject petitioners' argument as meritless. We conclude on this record that petitioners are liable for the addition to tax under section 6661(a) for the taxable year 1982. Respondent is sustained. Decision will be entered for petitioners with respect to the section 6659 issue and for respondent with respect to the remaining issues.