T.C. Memo. 2008-83

UNITED STATES TAX COURT

RICHARD A. AND CATHY G. PRUDHOMME, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6680-06.              Filed April 3, 2008.

<u>William A. Roberts</u> and <u>Kyle Coleman</u>, for petitioners.

<u>Alvin A. Ohm</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $576,728 deficiency in petitioners' Federal income tax for 2003 and determined that petitioners were liable for a $28,565.70 addition to tax for failure to file a timely return under section 6651(a)(1), a $64.98 addition to tax for failure to pay estimated taxes under

section 6654, and a \$115,345.60 accuracy-related penalty under section 6662.[1]

After concessions,[2] two issues remain for decision. The first issue is whether petitioners are liable for an addition to tax under section 6651(a)(1) for failure to file timely their income tax return, and the second issue is whether petitioners are liable for the accuracy-related penalty under section 6662(a). We hold that petitioners are liable for the addition to tax for failure to file timely and the accuracy-related penalty.

## FINDINGS OF FACT

The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Texas at the time they filed their petition.

Petitioners Richard A. and Cathy G. Prudhomme (Mr. and Mrs. Prudhomme) started Bronco Oilfield Services, Inc. (Bronco) in 1981. Bronco provided services, rentals, and equipment for the oil industry. Cathy G. and Richard A. Prudhomme owned 55 and 45 percent, respectively, of Bronco. Petitioners sold Bronco, a C corporation, through a broker in 2003.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.

[2]Petitioners paid the \$576,728 underpayment of tax on Nov. 28, 2005, before respondent issued the deficiency notice on Jan. 5, 2006. Although they originally disputed the deficiency and the addition to tax for failure to pay estimated taxes in their petition, petitioners eventually conceded both issues. We have jurisdiction over the addition to tax for failure to file a timely return and the penalty. See, e.g., Estate of Di Rezza v. Commissioner, 78 T.C. 19, 30 (1982).

Petitioners have high school educations.  They successfully ran Bronco for many years.  Mr. Prudhomme worked in the field, and Mrs. Prudhomme ran the office.  Mrs. Prudhomme managed the clerical staff and prepared the company's financial information for their accountants.  In this capacity, she assisted with the preparation of Bronco's general ledgers.  The accountants contacted Mrs. Prudhomme with questions regarding Bronco's finances and petitioners' personal finances.

Petitioners hired Jon Hurt's (Mr. Hurt) accounting firm to prepare their 2003 individual and Bronco's corporate income tax returns.  Alice Vaughan (Ms. Vaughan) and Dwayne Whitley (Mr. Whitley) worked as accountants and return preparers for Mr. Hurt.  Ms. Vaughan had prepared corporate and individual returns for petitioners for many years before 2003.  Although Ms. Vaughan prepared Bronco's corporate return for 2003, Mr. Hurt signed the return for 2003 as the preparer.[3]  Mr. Whitley prepared petitioners' individual Federal income tax return for 2003, and Mr. Hurt signed as the preparer.  Mrs. Prudhomme knew that Mr. Whitley, and not Ms. Vaughan, prepared petitioners' individual income tax return for 2003.

Petitioners provided their accountants with limited information from which to prepare the individual return for 2003. Petitioners did not cause Bronco to issue Forms 1099-DIV, Dividends and Distributions, reflecting the proceeds from the sale of Bronco,

_____

[3]Bronco's corporate returns are not at issue in this case.

and they did not provide information about the dividends and Bronco sale to Mr. Whitley. Petitioners did not consult Mr. Whitley, Mr. Hurt, or Ms. Vaughan about any aspect of the Bronco sale before it occurred.

Mr. Whitley was vaguely aware that petitioners had sold Bronco but knew very little else about the transaction. Mr. Whitley was not familiar with the Form 1120, U.S. Corporation Income Tax Return, for Bronco. Petitioners did not provide Mr. Whitley with their bank statements. Petitioners provided their accountants with Bronco's general ledger, which Mrs. Prudhomme had prepared and maintained. They also provided their brokerage statement from Morgan Stanley.

Mrs. Prudhomme's involvement with respect to filing the return was limited to picking up the tax return from the preparer on the day that she signed and mailed it. When she picked up the return, she asked Mr. Hurt whether any tax was due, looked to line 72 to confirm that nothing was due, and then signed and mailed the return. Mrs. Prudhomme did not check to see whether all items of income, including the income from the sale of Bronco, were reported on the return.

Mr. Prudhomme did not read or sign the return. Mrs. Prudhomme signed Mr. Prudhomme's name on the return in addition to her own name.

Petitioners' initial filing deadline for their individual income tax return for 2003 was April 15, 2004. They applied for

and received two extensions. Their extended return filing date was October 15, 2004. Petitioners' tax return for 2003 was postmarked October 27, 2004, 12 days beyond the extended filing date. Respondent received the return on October 29, 2004.

Petitioners' late-filed return for 2003 reported a tax due of $431,568, based on their reporting $2,194,666 of adjusted gross income. Petitioners deposited $406,579, $2,000,000, and $3,900,000 from the sale of Bronco into their personal bank accounts during 2003. Petitioners failed to report $3.2 million in dividend income and $450,000 of long-term capital gain from the sale of Bronco. Petitioners' income tax liability for 2003 was $1,008,296, and not $431,568, the amount they reported. Respondent determined that petitioners were liable for a $28,565.70 addition to tax for late filing and a $115,345.60 accuracy-related penalty.

OPINION

Addition to Tax for Failure To File

We first address the penalty for failure to file timely. Respondent determined that petitioners were liable for a $28,565.70 addition to tax under section 6651(a)(1) for failure to file a timely return.

An addition to tax is due for failure to file a tax return on or before the specified filing date unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985). The addition to tax equals 5 percent of the tax reported as due but

remaining unpaid on the return filing date if the failure to file timely is for 1 month or less.  Sec. 6651(a)(1).

The Commissioner has the burden of production with respect to additions to tax.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  To meet this burden, the Commissioner must produce sufficient evidence establishing that it is appropriate to impose the additions to tax.  See Higbee v. Commissioner, supra at 446-447.

Petitioners' income tax return for 2003 was due April 15, 2004.  They applied for and received two extensions making October 15, 2004, the extended filing date.  The envelope containing petitioners' tax return for 2003 was postmarked October 27, 2004, 12 days late, and respondent received it on October 29, 2004. Petitioners concede that this evidence is sufficient to carry respondent's burden of production.

Petitioners bear the burden of proof with respect to whether there was reasonable cause for their late filing.  Id. at 446. Petitioners argue that they are not liable for the addition to tax because respondent failed to prove willful neglect.  The taxpayer, however, has the burden of proving both (1) that the failure did not result from willful neglect, and (2) that the failure was due to reasonable cause.  United States v. Boyle, supra at 245 (quoting section 6651(a)(1)); see sec. 7491(c).[4]  A taxpayer wishing to

---

[4]Sec. 7491(c), which postdates United States v. Boyle, 469 U.S. 241 (1985), does not relieve a taxpayer of the burden of proof
(continued...)

demonstrate reasonable cause must show the exercise of ordinary business care and prudence in spite of the late filing.  United States v. Boyle, supra at 246; Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Income tax returns are among the types of documents that are considered to be delivered on the postmark date only if the postmark falls within the prescribed period, or on or before the prescribed date, for the filing of the return.  Sec. 7502(a). Unavoidable postal delay may fall within the meaning of reasonable cause.  United States v. Boyle, supra at 243 n.1, 248 n.6.

Mrs. Prudhomme testified that she mailed the return on October 15, 2007.  This contradicts the postmark date on the envelope in which the return was mailed.  Petitioners argue on brief that the post office failed to postmark and send the item for 12 days. Petitioners offer no evidence to support this claim other than making the unsupported observation that October 15, 2004, is a busy day for the U.S. Postal Service.  Even if we found Mrs. Prudhomme's testimony and explanation credible, this would not render the return timely.  The envelope in which the return was mailed bore a postmark date that was after the last day for filing the return. The return is thus untimely as a matter of law.  See, e.g., Drake v. Commissioner, 554 F.2d 736 (5th Cir. 1977); Hendley v. Commissioner, T.C. Memo. 2000-348.  We therefore hold that

---

⁴(...continued)
or production respecting such defenses as reasonable cause.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

petitioners did not show that their failure to file timely was due to reasonable cause. Accordingly, respondent's determination that petitioners are liable for the addition to tax under section 6651(a)(1) for failure to file timely is not in error.

Accuracy-Related Penalty

We turn now to respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662. Respondent has the burden of production under section 7491(c) and must come forward with sufficient evidence that it is appropriate to impose the penalty. See Higbee v. Commissioner, supra at 446-447.

A taxpayer is liable for an accuracy-related penalty in the amount of 20 percent for any part of an underpayment attributable to, among other things, a substantial understatement of income tax. See sec. 6662(a) and (b)(2); sec. 1.6662-2(a)(2), Income Tax Regs.[5] There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. See sec. 6662(b)(2), (d)(1)(A); sec. 1.6662-4(a) and (b)(1), Income Tax Regs.

_____

[5]Respondent determined in the alternative that petitioners were liable for the accuracy-related penalty for negligence or disregard of rules or regulations under sec. 6662(b)(1) for the years at issue. Because respondent has proven that petitioners substantially understated their income tax for the year at issue, we need not consider whether petitioners were negligent or disregarded rules or regulations.

Petitioners argue that respondent failed to meet his burden of production under section 7491(c).  We disagree.  Petitioners paid the $576,728 deficiency before respondent issued the notice of deficiency.  Petitioners conceded the underpayment at trial and on brief.  The deficiency was sufficiently large to meet the statutory threshold for a substantial understatement of tax.  Petitioners reported $431,568 of income tax on the tax return for 2003 but should have reported $1,008,296 of tax.  Their $576,728 understatement exceeds 10 percent of the tax required to be shown on the return.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  See sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs.  Taxpayers bear the burden of proof with respect to whether they acted in good faith and whether there was reasonable cause for the underpayment giving rise to the accuracy-related penalty.  Higbee v. Commissioner, 116 T.C. at 446.

The determination of whether the taxpayers had reasonable cause for, and acted in good faith with respect to, an underpayment of tax is made on a case-by-case basis, considering all the pertinent facts and circumstances.  Williams v. Commissioner, 123 T.C. 144, 153 (2004); Higbee v. Commissioner, supra at 448; sec. 1.6664-4(b)(1), Income Tax Regs.  One pertinent factor is whether

the underpayment is attributable to reliance on the advice of a professional tax adviser that was reasonable under all the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Another important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Williams v. Commissioner, supra at 153; sec. 1.6664-4(b)(1), Income Tax Regs. We address these factors in turn.

1. Petitioners' Reliance on a Professional Tax Adviser

We first consider whether it was reasonable for petitioners to rely on Mr. Hurt or Mr. Whitley.

Reasonable cause can exist when a taxpayer selects a competent tax adviser, supplies that adviser with all relevant information, and, consistent with ordinary business care and prudence, relies on the adviser's professional judgment as to the taxpayer's tax obligations. See sec. 6664(c); Lehrer v. Commissioner, T.C. Memo. 2006-156. Reliance on the advice of a professional tax adviser does not, standing alone, absolve a taxpayer of responsibility for an underpayment of tax. United States v. Boyle, 491 U.S. at 251; Deihl v. Commissioner, T.C. Memo. 2005-287. Rather, it is a factor to be considered when an underpayment results from reliance on such advice. United States v. Boyle, supra at 251; Deihl v. Commissioner, supra.

Even if a taxpayer establishes that a competent tax adviser has been selected, the adviser was provided with the relevant information, and the taxpayer relied on the adviser's professional

judgment, the taxpayer remains responsible for reading and reviewing the return to verify that all income items are included. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987); Loftus v. Commissioner, T.C. Memo. 1992-266.  Generally, the responsibility to file accurate returns and pay tax when due rests upon the taxpayer and cannot be delegated.  Pritchett v. Commissioner, 63 T.C. 149, 173-175 (1974).  The taxpayer may have to bear the consequences of any negligent errors committed by his or her agent.  Id.

Petitioners contend that their reliance on Mr. Hurt and Mr. Whitley insulates them from liability for the accuracy-related penalty.  We are not persuaded, however, that petitioners acted reasonably and in good faith.  Petitioners provided their accountants with insufficient information to accurately and properly prepare their returns.

Petitioners did not fully inform Mr. Whitley, their return preparer, of the pertinent details of their finances, including the details of the sale of Bronco.  We note that Mr. Whitley prepared the return for 2003, and Mr. Hurt reviewed and signed it, yet neither noticed the omission of the Bronco sales proceeds from income.  Mr. Whitley testified that he had only a "vague" notion of petitioners' sale of Bronco.  Petitioners did not cause the issuance of Forms 1099-DIV for the dividends they received from Bronco.  Petitioners did not provide their accountants with bank statements or personal books and bank records for the year.  Other

than Bronco's general ledgers (which were provided to Ms. Vaughan, but not Mr. Whitley) and certain information from Morgan Stanley that did not reveal the Bronco sale, petitioners failed to provide relevant information to their return preparer.

2. Petitioners' Efforts To Assess the Proper Tax Liability

We next address the extent of petitioners' efforts to assess their proper tax liability. Generally, the most important factor in determining whether taxpayers had reasonable cause for, and acted in good faith with respect to, their underpayment of tax is the extent of their efforts to assess their proper tax liability. Williams v. Commissioner, supra at 153; Compaq Computer Corp. & Subs. v. Commissioner, 113 T.C. 214, 226 (1999), revd. on other grounds 277 F.3d 778 (5th Cir. 2001); sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the taxpayer who does not make sufficient efforts to assess his or her proper tax liability has not acted with reasonable cause and in good faith with respect to an underpayment of tax. See Mailman v. Commissioner, 91 T.C. 1079, 1084-1085 (1988). Also, the taxpayer may be charged with knowledge of Federal tax law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Petitioners did not make adequate efforts to assess their proper tax liability for 2003. They did not verify that all income items were included on their return. Mr. Prudhomme failed to read or sign the return. Mrs. Prudhomme explained that she asked Mr.

Hurt whether they owed anything, looked to line 72, and then signed the return without even glancing at anything else.

Petitioners portray themselves as unsophisticated taxpayers who relied upon tax professionals to prepare their return. Although they had high school educations, petitioners were very successful business people. Mrs. Prudhomme had overseen the clerical staff of Bronco for over 20 years. She was responsible for and coordinated Bronco's financial information with petitioners' accountants. Yet she did not make any effort to determine whether all items of income were included on the return.

Moreover, if petitioners failed to understand the return, they did not request clarification from their preparers. Mrs. Prudhomme knew that different accountants prepared the corporate and individual income tax returns for 2003. She also knew that her longtime tax return preparer did not prepare the individual return for 2003. Yet she failed to review the tax return or even ask about the income from the sale of Bronco (petitioners' single largest transaction for the year). Even if we were able to find that petitioners were ignorant of the tax law, their failure to provide sufficient information to enable their accountants to prepare their return properly cannot be ignored and has not been adequately explained.

3.   Conclusion

Petitioners' efforts to assess their tax liability were insufficient, and their behavior fell below the standard of

reasonable care and good faith.  Petitioners could not in good faith rely upon their accountants' advice or preparation of their returns when they neither shared with their accountants the details of their financial transactions nor made any effort to review the return that their accountants prepared.  Accordingly, we sustain respondent's determination of the section 6662 accuracy-related penalty.

We have considered all the remaining arguments that the parties made and, to the extent not addressed, we find them to be irrelevant, moot, or without merit.  Accordingly, we sustain respondent's determinations with respect to the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.