T.C. Summary Opinion 2013-72

UNITED STATES TAX COURT

SUZANNE M. MATICK, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22057-11S L.                    Filed September 10, 2013.

Suzanne M. Matick, pro se.

<u>Timothy Froehle</u>, for respondent.

SUMMARY OPINION

HAINES, <u>Judge</u>:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect for the relevant times.  Amounts are
rounded to the nearest dollar.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Pursuant to section 6330(d), petitioner seeks review of respondent's determination. The issue for decision is whether respondent abused his discretion in sustaining the proposed collection action.

Background

Some of the facts have been stipulated and are so found. Those exhibits attached to the stipulations which were found relevant and admissible are incorporated herein by this reference. At the time petitioner filed her petition, she resided in California.

Petitioner timely filed her 2008 Federal income tax return, showing a tax liability of $19,493.78,[2] which was not paid. Respondent assessed the tax liability as shown on the return and issued to petitioner on May 17, 2010, a Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of levy)

---

[2]In addition to being delinquent on her 2008 Federal income tax liability, petitioner was also delinquent on her 2006 and 2007 Federal income tax liabilities. Petitioner's delinquent Federal income tax liabilities for 2006, 2007, and 2008 totaled approximately $147,000.

concerning the 2008 unpaid tax. In response, on June 11, 2010, petitioner timely submitted to the Internal Revenue Service (IRS) Appeals Office (Appeals) a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing), addressing the 2008 tax year. As part of her request for a CDP hearing, petitioner requested a collection alternative in the form of an offer-in-compromise (OIC).

Petitioner was also delinquent on her 2006 and 2007 Federal income tax liabilities, and she also filed a Form 12153 for each of those years on June 11, 2010. However, petitioner was not issued a notice of levy with respect to her 2006 and 2007 Federal income tax liabilities until July 26, 2010. Therefore, petitioner's request for a CDP hearing with respect to her 2006 and 2007 tax years was premature and was considered untimely.

On July 26, 2010, Appeals sent a letter to petitioner acknowledging receipt of her request for a CDP hearing. On July 26, 2010, the IRS Centralized Offer in Compromise Unit (COICU) received an OIC from petitioner regarding her unpaid tax liabilities for 2006, 2007, and 2008. Petitioner checked the box stating the reason for the OIC was for effective tax administration (ETA). Petitioner proposed a short-term periodic payment of $200 for 24 months with $200 submitted with the OIC, for a total payment of $5,000.

On August 8, 2010, COICU sent a letter to petitioner and a copy to her representative, Gerardo DeGuzman, acknowledging receipt of her OIC and requesting additional information. The COICU worked on petitioner's OIC case until December 14, 2010, when respondent learned that she was involved with a closely held corporation. On January 4, 2011, the COICU transferred petitioner's OIC to Appeals as her circumstances of being involved with a closely held corporation did not permit COICU to consider her OIC.

On January 6, 2011, respondent sent a letter to petitioner indicating that because petitioner had requested an OIC as part of her CDP hearing, her case had been transferred to an Appeals Office in her State. On February 4, 2011, respondent sent petitioner an acknowledgment letter informing her that the case had been reassigned to Settlement Officer Cherita Allen in the Los Angeles Appeals Office. On March 8, 2011, petitioner's case was reassigned to Settlement Officer Nathan August (SO August).

On June 8, 2011, SO August verified petitioner's income tax filing compliance and reviewed the documentation she had provided with her OIC. On June 9, 2011, SO August sent a letter to petitioner and Mr. DeGuzman proposing a telephone conference on July 21, 2011. The letter indicated that if the time was not convenient or if petitioner preferred a face-to-face hearing, she was to contact

SO August by June 23, 2011. The letter also stated that SO August was in possession of petitioner's OIC. On June 21, 2011, SO August received a letter dated June 14, 2011, from Mr. DeGuzman stating that he had filed the CDP hearing request to delay enforcement of the levy for 2008 until an OIC status was reinstated for 2008. Mr. DeGuzman requested that the OIC be returned to the COICU in Memphis for consideration. On June 21, 2011, SO August telephoned Mr. DeGuzman and left a voice mail requesting that Mr. DeGuzman call him back.

On July 12, 2011, SO August received a letter from Mr. DeGuzman dated July 6, 2011, which stated that the CDP hearing might not be needed as the year 2008 should be in an OIC status. Mr. DeGuzman also stated that both he and petitioner would be unavailable for a conference on July 21, 2011. On July 12, 2011, SO August called Mr. DeGuzman and left a message that SO August had petitioner's OIC as a possible collection alternative under her 2008 CDP request and requested a return call to reschedule the CDP hearing. On July 14, 2011, SO August mailed Mr. DeGuzman a letter stating that SO August was in possession of petitioner's OIC for consideration as a collection alternative and rescheduling the CDP hearing for July 28, 2011 at 10 a.m.

On July 19, 2011, SO August returned a voice mail message from Mr. DeGuzman. In response to a question from Mr. DeGuzman, SO August told Mr.

DeGuzman that petitioner did not need to be present for the hearing. Mr. DeGuzman discussed the CDP case and the OIC case and requested that the OIC be worked by an OIC specialist. SO August informed Mr. DeGuzman that because the CDP request was received from petitioner on June 11, 2010, and the OIC was received on July 26, 2010, the OIC was a collection alternative under the CDP request. SO August also informed Mr. DeGuzman that because petitioner was involved with a closely held corporation, petitioner's OIC did not meet the criteria to be considered by an OIC specialist in the COICU.

On July 27, 2011, SO August prepared an analysis of petitioner's income and expenses. SO August determined that petitioner could pay $5,478 per month. On July 28, 2011, a telephone conference was held between SO August and Mr. DeGuzman. After the conference SO August provided Mr. DeGuzman with transcripts for petitioner's tax liabilities for 2006, 2007, and 2008. On August 25, 2011, Appeals issued to petitioner a notice of determination for 2008 addressing the issues that were raised during the CDP hearing and sustaining the levy action. SO August stated that petitioner's $5,000 ETA OIC was being rejected because she did not meet the requirements for acceptance of an ETA offer based on economic hardship or public policy/equity consideration.

SO August determined that even though petitioner had a health condition, it had not impaired her ability to earn a high income from her business, Essem Communications, Inc., a public relations business operated out of her residence. He determined that petitioner's income from 2010 was over $200,000. SO August determined that petitioner could liquidate her unencumbered property in Scottsdale, Arizona, without rendering herself unable to meet necessary living expenses and without suffering economic hardship. He also determined that even without selling her Arizona property, petitioner had considerable monthly income to pay her tax liabilities without suffering economic hardship. SO August determined that there were no special circumstances that required petitioner's mother to live in the Scottsdale, Arizona, property. He also determined that no exceptional circumstances existed by which collection in full would undermine public confidence that the tax laws were being administered in a fair and equitable manner and would negatively affect overall voluntary compliance.

On September 26, 2011, petitioner filed a petition with this Court in response to the notice of determination, claiming that SO August overstepped his authority by rejecting her OIC for 2008 and not allowing the OIC to continue in the COICU. Petitioner also claimed that SO August incorrectly failed to consider her 2006 and 2007 tax years and other intervening factors such as her health

condition limiting her capabilities, the current real estate market and uncooperative banks that made it impossible for her to sell or refinance her properties, and her right to appeal penalties for 2006 and 2007. Petitioner does not challenge her underlying 2008 Federal income tax liability.

## Discussion

Section 6331(a) authorizes the Secretary to levy against property and property rights when a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment. Section 6331(d) requires the Secretary to send the taxpayer written notice of the Secretary's intent to levy, and section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a hearing before Appeals at least 30 days before any levy. If the taxpayer requests a section 6330 hearing, the taxpayer may raise in that hearing any relevant issues relating to the unpaid tax or the proposed levy including offers of collection alternatives, which may include an OIC. See sec. 6330(c)(2). After the hearing an Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives the taxpayer proposed and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).

Petitioner raises issues only as to collection alternatives, in that she disputes respondent's rejection of her OIC. Where, as here, the underlying tax liability is not at issue, we review the Appeals Office's determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181- 182 (2000). An Appeals officer abuses her or his discretion when she or he "takes action that is arbitrary or capricious, lacks sound basis in law, or is not justifiable in light of the facts and circumstances." Willis v. Commissioner, T.C. Memo. 2003-302 (citing Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988)).

Respondent's determination not to enter into an OIC agreement with petitioner was not an abuse of discretion. Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws. The regulations set forth three grounds for compromise of a taxpayer's liability: (1) doubt as to liability; (2) doubt as to collectibility; and (3) the promotion of ETA. Sec. 301.7122-1(b), Proced. & Admin. Regs. There is doubt as to collectiblity where the taxpayer's assets and income are less than the full amount of the liability. A compromise may be entered into to promote ETA when the Secretary determines that, although collection in full could be achieved, collection of the full liability would cause the taxpayer economic hardship. A taxpayer faces economic hardship when collection of the full amount would leave the taxpayer unable to

afford basic living expenses. The IRS may also compromise to promote ETA where compelling public policy or equity reasons are shown and, because of exceptional circumstances, collection of the full amount of tax liability would undermine public confidence in the fairness of tax administration whether or not a similarly situated taxpayer may have paid his liability in full.

In petitioner's OIC she checked ETA as the reason for her OIC, proposing a short-term periodic payment of $200 for 24 months and $200 included with the OIC. Respondent argues that SO August did not abuse his discretion in rejecting petitioner's OIC because he had determined that she could pay the liability in full without suffering economic hardship and that no public policy or equity considerations existed. SO August determined that petitioner could pay $5,478 per month, that her income from 2010 was over $200,000, and that she owned unencumbered property in Scottsdale, Arizona, which she could liquidate without rendering herself unable to meet necessary living expenses and without suffering economic hardship. Respondent also argues that SO August complied with the requirements of section 6330(c)(3) to: (1) verify that the requirements of applicable law and administrative procedure have been met, (2) consider issues raised by petitioner, and (3) consider whether any proposed collection action balanced the need for efficient collection of taxes with petitioner's legitimate

concern that any collection action be no more intrusive than necessary. Thus, respondent argues that SO August correctly sustained the proposed levy.

Petitioner has failed to contest her tax liability. She now argues that the Appeals Office abused its discretion by not considering her OIC, which included the years 2006, 2007, and 2008. Specifically, petitioner argues that SO August should have considered her OIC as a whole, meaning he should have considered her tax years 2006, 2007, and 2008 and made a determination with respect to all three years instead of with respect to only 2008.

We have determined that SO August had authority to consider only petitioner's 2008 tax liability, and we too have authority in this proceeding to consider only petitioner's 2008 tax liability. Respondent issued to petitioner a notice of levy concerning petitioner's 2008 unpaid tax. In response, on June 11, 2010, petitioner timely submitted to the Appeals Office a Form 12153 addressing the 2008 tax year. Petitioner also submitted Forms 12153 for tax years 2006 and 2007 on June 11, 2010. However, respondent issued to petitioner a notice of levy for petitioner's 2006 and 2007 tax years on July 26, 2010. Thus, petitioner's CDP hearing requests for 2006 and 2007 were premature and untimely. See Andre v. Commissioner, 127 T.C. 68, 74 (2006). Petitioner did not resend Forms 12153 for tax years 2006 and 2007 after July 26, 2010. Therefore, we find that SO August

could not issue a notice of determination as to petitioner's 2006 and 2007 tax years, see id., and it was not an abuse of his discretion to deny petitioner's OIC with respect to 2008. SO August determined and we agree that petitioner was more than capable of satisfying her full income tax liability without economic hardship. Petitioner did not provide SO August persuasive evidence that payment of her full tax liability for 2008 would cause economic hardship, that her health condition has affected her ability to earn an income sufficient to satisfy her full 2008 tax liability, or that she was unable to sell her Arizona property to satisfy her income tax liability. Additionally, petitioner's petition is valid only as to the 2008 tax year as the notice of determination concerned only 2008, given the CDP hearing requests for 2006 and 2007 were premature and untimely. See id. Thus, we too have jurisdiction to consider only her 2008 tax year.

Finally, petitioner also argues that the CDP hearing was not the appropriate forum for respondent to make a determination with respect to her OIC. Petitioner argues that her OIC should have been dealt with by an OIC specialist at the COICU. As noted above, the COICU under its own guidelines did not have the authority to make a determination with respect to petitioner's OIC because she was involved with a closely held corporation. Additionally, petitioner filed her OIC as a collection alternative under her CDP hearing request. Therefore, we

disagree with petitioner and find that it was appropriate for SO August to make a determination with respect to petitioner's OIC for 2008.

We find that SO August did not abuse his discretion in rejecting petitioner's OIC. We also find that SO August complied with the requirements of section 6330(c) by considering petitioner's health condition, the downturn in the economy, and other issues petitioner raised during her CDP hearing. Accordingly, we find there has not been an abuse of discretion, and respondent may proceed with collection for 2008.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.